DENNIS FELSTED ET AL. *v.* KIMBERLY AUTO
SERVICES, INC., ET AL.
(9698)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued May 3—decision released September 10, 1991

*Roger Sullivan,* for the appellants (plaintiffs).

*James J. Giulietti,* with whom, on the brief, was *Richard J. Falcigno,* for the appellee (defendant Terminal Taxi Company).

LANDAU, J. The plaintiffs, Dennis and Marilyn Felsted, brought a personal injury action alleging that on April 2, 1986, Dennis Felsted was injured while operating a Connecticut Transit Company bus, which

was struck by a taxicab being towed by the named defendant, Kimberly Auto Services, Inc. (Kimberly). The jury returned a general verdict in favor of the plaintiffs against Kimberly and its driver, the defendant Erroll Marshall, and in favor of the defendant Terminal Taxi Company (Terminal).

The plaintiffs appeal from the judgment for defendant Terminal and challenge the court's denial of their motion to amend their complaint. The plaintiffs claim that the court improperly (1) denied their request to amend their complaint and (2) charged the jury on the issues of agency and respondeat superior, on the burden of proof with regard to both agency and Terminal's special defense, and on adverse inferences. We do not agree.

The jury reasonably could have found the following facts. On April 2, 1986, Dennis Felsted, while operating a bus, was directed by a police officer to stop his vehicle in order to permit a tow truck, owned and operated by Kimberly, to retrieve a disabled taxicab owned by Terminal. The taxicab, while under tow, struck the stopped bus resulting in injuries to Dennis Felsted. The tow truck had been summoned by the police department. Neither Terminal nor its driver, Robert Allen, took any part in the request for or selection of the tow truck.

I

The plaintiffs claim that the court improperly denied their April 12, 1988 request to amend their complaint in which they sought to add a third count alleging lessor liability under General Statutes § 14-154a. The court, acting on the basis of General Statutes § 52-584, denied the plaintiffs' request "because the amendment presents a new cause of action which has been commenced more than two years from the date of the injury."

The plaintiffs originally alleged, in their first and second counts, that "[a]s a principal or employe[r] of the Defendant Kimberly Auto Services, Inc., the Defendant Terminal Taxi Company is responsible for the said carelessness and negligence of its agent or employee and for all injuries and damage proximately caused thereby." The plaintiffs sought to allege further that because Terminal leased the taxicab to the driver, it was also liable pursuant to § 14-154a for damage caused by the operation of its leased vehicle.

Section 52-584 provides that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . ." Section 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

In amending a complaint " '[i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same.' " *Giglio* v. *Connecticut Light & Power Co.,* 180 Conn. 230, 239, 429 A.2d 486 (1980), quoting *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961). An amendment to a complaint that sets up a new and different cause of action speaks as of the date when it is filed. *Sharp* v. *Mitchell,* 209 Conn. 59, 71–72, 546 A.2d 846 (1988); *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285, 355 A.2d 253 (1974).

Section 52-584 prohibits the requested amendment because the plaintiffs sought to amend their complaint on April 12, 1988, more than two years after the cause

of action accrued on April 2, 1986. The plaintiffs' original complaint involved the relationship between Terminal and Kimberly. The proposed third count, however, involved the relationship between Terminal and its driver. The first two counts and the proposed third count involved different sets of circumstances and depended on different facts to prove or disprove the allegations. See *Sharp* v. *Mitchell*, supra, 73. Because the new cause of action alleged in the third count involved a claim for personal injuries caused by negligence, it is one sounding in tort and is governed by the two year statute of limitations applicable to certain tort actions. The trial court, therefore, properly denied the plaintiffs' motion to amend the complaint after the two year statute of limitations had run.

## II

The plaintiffs, in a series of claims addressed to the trial court's charge to the jury, argue that the court improperly (1) charged upon the issues of agency and respondeat superior liability, (2) charged upon the burden of proof as to the issues of agency and Terminal's special defense that Kimberly was an independent contractor, (3) refused to charge on agency liability principles in accordance with § 427 of the Restatement (Second) of Torts, and (4) instructed the jury to draw no adverse inference from the failure of Terminal to call its driver, Robert Allen, as a witness.

In reviewing a challenge to jury instructions, we must examine the charge in its entirety. *State* v. *Grullon*, 212 Conn. 195, 204, 562 A.2d 481 (1989). While the instructions need not be " ' "exhaustive, perfect or technically accurate," ' " they must be " ' "correct in law, adapted to the issues and sufficient for the guidance of the jury." ' " *Preston* v. *Keith*, 217 Conn. 12, 17, 584 A.2d 439 (1991). We conclude that the court properly instructed the jury.

A

The plaintiffs raise numerous challenges to the court's instructions to the jury regarding the principles of agency and respondeat superior and their application to the facts of this case. The plaintiffs in essence claim that the trial court incorrectly commented upon evidence adduced at trial and thereby removed issues of fact from the jury's consideration.

The matter of commenting on evidence rests in a trial court's sound discretion. *Kevin Roche-John Dinkeloo & Associates* v. *New Haven,* 205 Conn. 741, 746, 535 A.2d 1287 (1988); *State* v. *Pollitt,* 205 Conn. 132, 155, 531 A.2d 125 (1987). Although a trial court has not only the right, but often the duty to comment on the evidence; *State* v. *Pollitt,* supra, 155–56; " '[a] court's review of the evidence in its charge to the jury is subject to the overriding consideration that its comments be fair and that they not mislead the jury, so that injustice is not done to either party. . . .' " *Kevin Roche-John Dinkeloo & Associates* v. *New Haven,* supra, 745. The nature and extent of a court's comments depend largely on the facts of a case and the manner in which it was tried. *State* v. *Pollitt,* supra, 155. " ' "It is the duty of the trial judge, in submitting the law and the facts to the consideration of a jury, to refer to the testimony so far as may be necessary to assist the jury to a clear apprehension of the relation of the testimony, whose credibility they must determine, to the material facts they must decide . . . . It is evident that whenever this duty is well done, the charge must to some extent uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case." ' " *State* v. *LaCasse,* 9 Conn. App. 79, 85, 516 A.2d 145, cert. denied, 201 Conn. 815, 518 A.2d 72 (1986).

The plaintiffs take issue with the court's comments regarding the lack of evidence that an express contract existed between Terminal and Kimberly, that Terminal did not hire Kimberly, that any subsequent instructions from Terminal to Kimberly after Kimberly had been summoned to the scene of the accident would not bear on the issue of prior authorization, as well as the court's comment on Terminal's denial that its drivers had the authority to employ tow operators or to have vehicles moved. A review of these comments indicates that the recitation was a fair and accurate portrayal of the testimony and facts adduced at trial. Moreover, the trial court cautioned the jurors to rely on their own recollection of the evidence, and not to rely on the court's recitation of the facts.

## B

The plaintiffs also assert that the court improperly charged the jury on the shifting burden of proof regarding the presumption of agency pursuant to General Statutes § 52-183 and Terminal's special defense that Kimberly was an independent contractor.

Section 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the "agent and servant of the owner of the motor vehicle and operating it in the course of his employment." The presumption ceases to operate, however, " 'when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff . . . .' " *Bogart* v. *Tucker,* 164 Conn. 277, 282, 320 A.2d 803 (1973), quoting *Koops* v. *Gregg,* 130 Conn. 185, 188, 32 A.2d 653 (1943). Therefore, although Terminal initially had the burden of rebutting this statutory presumption, the burden of proving agency shifted to the plaintiffs once Terminal successfully rebutted the presumption. A review of the record reveals that

the court properly instructed the jury that Terminal had the burden of rebutting the presumption and that the burden did not shift to the plaintiff until Terminal had overcome the presumption.

The defense of independent contractor, under our modern rule of pleading, should be specially pleaded. *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964). "The plaintiff, however, is still bound to prove the essential allegations of his complaint." *Janow* v. *Ansonia,* 11 Conn. App. 1, 8, 525 A.2d 966 (1987). The burden of proving agency is on the plaintiffs. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979), citing *Cyclone Fence Co.* v. *McAviney,* 121 Conn. 656, 659, 186 A. 635 (1936). Although Terminal assumed the burden of proof that Kimberly was an independent contractor, the plaintiffs retained the burden of proving an agency relationship between Kimberly and Terminal. A review of the record reveals that the trial court properly charged on the plaintiffs' burden of proving that Kimberly was Terminal's agent and properly charged that Terminal had the burden of proving its special defense, and if it met its burden, that no liability could be imputed, and that Terminal would have a complete defense.

## C

The plaintiffs next claim that the trial court incorrectly refused to instruct the jury on agency liability in accordance with 2 Restatement (Second), Torts § 427.[1] They claim that the charge should have been

---

[1] The Restatement (Second), Torts § 427 provides "NEGLIGENCE AS TO DANGER INHERENT IN THE WORK.

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

given because the "risk realized was inherent in the towing work undertaken."

To comply with our rules, a request to charge must be relevant to the evidence and issues presented in court. *State* v. *Falcone,* 191 Conn. 12, 26, 463 A.2d 558 (1983). The trial court should instruct the jury on only those issues that are relevant to the facts in issue. *State* v. *Santangelo,* 205 Conn. 578, 599, 534 A.2d 1175 (1987); *Bonner* v. *Winter,* 175 Conn. 41, 48, 392 A.2d 436 (1978). Because the evidence failed to indicate that Terminal employed Kimberly, the Restatement is not applicable. The trial court properly declined to give the plaintiffs' requested charge.

## D

Last, the plaintiffs argue that the court incorrectly instructed the jury to draw no adverse inference from the failure of Terminal to call its driver, Allen, as a witness. The plaintiffs specify that they are not challenging the court's denial of their request to give a *Secondino* charge.[2] Rather, the plaintiffs assert that the court's instruction to the jurors that they could not "speculate or conjecture or guess what [Allen] might have said" was prejudicial because it eroded the plaintiffs' argument that the absence of this witness ought to be considered adversely by them. Although we do not comment on the propriety of a reverse *Secondino* charge, we conclude that the court's instruction was not prejudicial.

As we have previously stated, a jury charge must be correct in the law, adapted to the issues and sufficient for the guidance of the jury. *Preston* v. *Keith,* supra.

---

[2] In *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960), the Supreme Court concluded that " '[t]he failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause.' "

When reviewing jury instructions, we view the instructions as part of the whole trial. *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 566, 562 A.2d 1100 (1989); *State* v. *Kurvin,* 186 Conn. 555, 563, 442 A.2d 1327 (1982). Because the evidence presented at trial did not indicate an agency relationship between Kimberly and Terminal, the absence of Terminal's driver could not have substantially affected the outcome of this case. The court's charge could not have prejudiced the jury, and it was reasonable for the jury to find for the defendant Terminal.

The judgment is affirmed.

In this opinion the other judges concurred.