BANK OF BOSTON CONNECTICUT *v.* EDWARD E.
CIARLEGLIO II
(9768)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued December 5, 1991—decision released February 4, 1992

*Laurence V. Parnoff,* with whom, on the brief, was *Kathryn L. Braun,* for the appellant (defendant).

*Lewis S. Lerman,* with whom was *Suzanne G. Martin-Esposito,* for the appellee (plaintiff).

HEIMAN, J. The defendant, Edward E. Ciarleglio II, appeals from a judgment rendered on a verdict in favor of the plaintiff, Bank of Boston Connecticut, on both the complaint and his counterclaim. The defendant claims that the trial court improperly (1) restricted his cross-examination of witnesses and presentation of direct and rebuttal evidence, (2) commented on and emphasized certain evidence in its jury charge, and (3) excluded the testimony and reports of treating physicians. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On March 23, 1987, the defendant signed a promissory note obligating him to pay the plaintiff the principal sum of $14,000.[1] The note further provided that if the principal sum was not paid by the note's due date, May 22, 1987, the defendant would pay the plaintiff interest of 9.5 percent on the unpaid principal amount, and attorney's fees. The defendant defaulted on the note by failing to pay the principal amount on or before the due date. On September 18, 1987, after several unsuccessful attempts to collect the amount owed to it, the plaintiff made a formal demand for full payment of the principal, together with interest accruing after the note's due date. The plaintiff commenced this action by way of a complaint dated November 30, 1987. On December 2, 1987, the plaintiff obtained a prejudgment attachment of real estate owned by the defendant.

---

[1] The note was a discounted note. Interest on the principal amount was paid at the time the loan was approved. As a result, only the principal amount remained due on the due date.

In an amended complaint, the plaintiff alleged that the defendant defaulted on the note and owed the plaintiff $14,000 plus interest and attorney's fees in accordance with the terms of the note. The defendant filed an answer denying that he owed the plaintiff the principal amount of the note, interest or costs, and a special defense alleging that he tendered payment, which the plaintiff refused to accept. The defendant also filed a counterclaim alleging that the plaintiff's demand for payment and subsequent refusal to accept payment when tendered constituted a breach of contract, negligence[2] and a violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; and that by attaching the defendant's real estate the plaintiff slandered the defendant's title to the real estate. The plaintiff filed an answer to the counterclaim denying the allegations of improper collection practices and special defenses alleging that the statute of limitations had run as to the counterclaim and that the attachment of the defendant's real estate was neither false nor malicious.

After a jury trial, the jury returned verdicts in favor of the plaintiff on both the complaint and the counterclaim and awarded the plaintiff $14,000 plus interest. The defendant filed a timely motion to set aside the verdicts and for a new trial, which the trial court denied. This appeal followed.

I

The defendant first claims that the trial court improperly restricted his cross-examination of witnesses and his presentation of direct and rebuttal evidence.

---

[2] We do not comment on the counterclaim insofar as it seeks damages for stress that allegedly exacerbated a preexisting physical condition. The parties do not raise this issue and our failure to address it does not indicate an opinion as to whether it states a cognizable cause of action or whether such a claim can properly be raised in an action seeking to collect on a note.

We first address whether we will review this claim. In his brief, the defendant argues that the trial court improperly restricted his examination and cross-examination of witnesses and presentation of evidence in a number of instances. These claims have not been presented properly. The defendant has failed to state the precise question or offer of exhibit, the objection or ground on which it was based, the ruling and any exception. See Practice Book § 4065 (d) (3).[3] Rather, he cryptically maintains in his brief that "the court rebuffed every attempt by the defendant to offer evidence to show that the plaintiff's witnesses were not credible . . . . [The trial court] would not allow the defendant to present evidence concerning [the signing of a settlement agreement and] the court consistently prevented corroborative evidence of any of the allegations of the defendant's counterclaim." Because the defendant has failed to provide us with an adequate basis on which to consider the nature or merits of his claims, we decline to review them. See *State* v. *Vass*, 191 Conn. 604, 621, 469 A.2d 767 (1983). Further, because all of the claims involve allegations that the trial court abused its broad discretion to determine the relevancy and materiality of evidence offered at trial, and the defendant has failed to demonstrate that these evidentiary rulings constitute plain error; Practice Book § 4185; or that enforcement of our rule will cause injustice; Practice Book § 4187; we decline to consider these claims. *State* v. *Vass*, supra.

II

The defendant next claims that the trial court improperly commented on and emphasized certain evidence

---

[3] Practice Book § 4065 (d) (3) provides in pertinent part: "When error is claimed in any other ruling in a court or jury case, the brief or appendix shall include, where appropriate . . . the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception."

in its jury charge. He claims that the trial court, in marshalling the evidence for the jury, inaccurately characterized the evidence introduced at trial, removing issues of fact from the jury's consideration. We disagree.

The trial court has both the right and the duty to comment on the evidence. *State* v. *Pollitt,* 205 Conn. 132, 155–56, 531 A.2d 125 (1987). While the court's comments must be fair so as not to mislead the jury, "[t]he nature and extent of a court's comments depend largely on the facts of a case and the manner in which it was tried." *Felsted* v. *Kimberly Auto Services, Inc.,* 25 Conn. App. 665, 669, 596 A.2d 14 (1991). When the trial court has performed this function properly, "the charge must to some extent uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case." (Internal quotation marks omitted.) Id.

Moreover, in deciding whether a jury charge was fair and accurate, we do not examine each of the trial court's statements in a vacuum. Rather, we assess the court's comments in the context of the entire charge in order to determine whether they fairly and accurately recount the evidence. *State* v. *LaCasse,* 9 Conn. App. 79, 85, 516 A.2d 145, cert. denied, 201 Conn. 815, 518 A.2d 72 (1986).

No useful purpose would be served by our reciting in detail each of the trial court's many statements about which the defendant complains together with the evidence that supports each statement. On the basis of our review of the record, including the charge, we conclude that the court fairly and accurately set forth the evidence presented at trial. Moreover, the trial court repeatedly cautioned the jurors that they were the ultimate arbiters of factual issues, and that they were to rely on their recollection of the evidence, not the court's recitation of it. See *Felsted* v. *Kimberly Auto Services, Inc.,* supra.

## III

The defendant next claims that the trial court improperly excluded the testimony and reports of treating physicians. We disagree.

The following additional facts are necessary to a proper resolution of this issue. The case was claimed to the trial list on April 10, 1989. On August 31, 1990, the defendant disclosed the identity of medical experts that he intended to call at trial for the purpose of supporting his allegation, set forth in his counterclaim, that the plaintiff's unfair collection practices had caused him to suffer emotional stress which aggravated a preexisting injury. On October 23, 1990, the plaintiff filed a motion to preclude based on Practice Book § 220 (D)[4] requesting the trial court to preclude the defendant from introducing, inter alia, the testimony of expert witnesses. In support of the motion, the plaintiff claimed that the defendant's disclosure of expert witnesses as to his counterclaim was (1) late, because disclosure was not made within sixty days from the date the case was claimed to the trial list, and (2) insufficient, because it did not state the subject matter to which the expert was expected to testify, the substance of the facts and opinions to which the expert was expected to testify and a summary of the grounds for each opin-

---

[4] Practice Book § 220 (D) provides in pertinent part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown."

ion. The trial court granted the motion after a lengthy hearing, prohibiting the defendant from introducing medical expert testimony at trial.

On appeal, the defendant challenges this ruling only insofar as it concerns treating physicians, and argues that the disclosure requirements of Practice Book § 220 (D) do not apply to treating physicians. Our recent decision in *Yale University School of Medicine* v. *McCarthy*, 26 Conn. App. 497, 602 A.2d 1040 (1992), makes clear that the disclosure requirements of § 220 (D) apply to treating physicians as well as other expert witnesses. As a result, the defendant cannot prevail on this claim.

The judgment is affirmed.

In this opinion the other judges concurred.