[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO AMEND COMPLAINT (#132)
This is a personal injury action in which the plaintiff, Amy Blair, suffered an injury from a fall in a residence under construction. The defendants, James Fretz and Mary Klein-Robbenhaar ("Fretz", and "Klein-Robbenhaar"), are the property owners and the defendant, Eli Whitney ("Whitney"), was the building sub-contractor.
By a complaint dated September 23, 1991, the plaintiff alleges she was injured in a construction accident sustained on November 15, 1990. In a motion to amend dated December 10, 1992, entitled "Request to Revise", the plaintiff seeks to add her husband Arthur Blair and daughter Wendy Blair, as parties to this action.
Both defendants filed memoranda of law in opposition to the plaintiff's motion to amend dated December 21, 1992. The plaintiff subsequently filed a memorandum of law in support of its motion to amend dated January 11, 1993.
The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint during the first thirty days after the return date. Practice Book Sec. 175. A party may amend his pleadings or other parts of the record or proceedings any time thereafter: by order of the court; by written consent of the adverse party; or by filing a request for leave to file the CT Page 2484 amendment with amendment appended. Practice Book Sec. 176.
 [Section 176] [a]mendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is clear abuse of that discretion.
Lo Sacco v. Young, 20 Conn. App. 6, 7-8, 564 A.2d 610 (1989) (Citations omitted).
"It is well settled that amendments, unless they allege a new cause of action, relate back to the date of the complaint." Baker v. Baker, 166 Conn. 476, 486, 352 A.2d 277
(1974).
A cause of action is that single group of facts which
 is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, CT Page 2485 but where an entirely new and different factual situation is presented, a new and different cause of action is stated.
Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988). "An amendment to a complaint that sets up a new and different cause of action speaks as of the date when it was filed." Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665,667, 596 A.2d 14 (1991).
The defendants, Fretz, Klein-Robbenhaar and Whitney, argue, in part, that the plaintiff's proposed amendment to add loss of consortium actions for Arthur and Wendy Blair should be denied on the ground a motion to amend is an inappropriate method to add new parties because it does not constitute the correction of a "defect, mistake or informality" in the complaint.
The plaintiff's motion to amend is improper. The plaintiff's motion to amend erroneously entitled "Request to Revise" does not seek to amend any defect, mistake or informality in the complaint as is the purpose of Practice Book Sec. 175.
Rather, the plaintiff is improperly attempting to add two additional parties to the action through her motion to amend. The proper method of adding parties is by a Motion to Cite in New Parties provided in Practice Book Sec. 103. Practice Book Sec. 103 provides that a motion to cite in or admit new parties must comply with Sec. 196 and state briefly the grounds upon which it was made. Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 346, 573 A.2d 1222, 1225
1990).
The requirements of Practice Book Sec. 196, which sets forth the proper form for a motion, include the fundamental requirement that the motion be in the proper format. A motion to amend entitled "A Motion to Revise" is not the proper format to cite in additional plaintiffs. Therefore, the court denies the plaintiff's motion to amend on the ground that it attempts to improperly add additional plaintiff's to the cause of action without compliance with Practice Book Sec. 103.
Furthermore, the court notes the plaintiff's subsequent improper attempt to add new parties to the action in her CT Page 2486 motion entitled "Motion to Add Parties Plaintiff" dated January 8, 1993. In the motion, the plaintiff cites Practice Book Sec. 134 as a basis for adding additional plaintiffs to the action. Practice Book Sec. 134 addresses the ability of a plaintiff to include legal and equitable rights and causes of action in her complaint arising out of the same transaction or transactions connected to a cause of action as allowed in Practice Book Sec. 133(7).
Practice Book Sec. 134 has not been interpreted as a vehicle to add additional plaintiffs to a cause of action. Therefore, the plaintiff's subsequent "Motion to Add Parties Plaintiff" is denied on the ground that it is improper.
The defendants' memoranda of law in opposition to the plaintiff's motion to amend are inapposite. The defendants raise substantive questions of law by challenging the plaintiff's motion to amend on the grounds that the addition of the plaintiff's spouse would be barred by the statute of limitations and by asserting that the plaintiff's child has no cause of action for loss consortium. The court will not use a ruling on a motion to amend the pleadings to decide issues of law. This is more properly raised by a motion to strike after the pleading is allowed. Solomon v. Liquor Control Commission, 8 Conn. Sup. 511 (1940). Therefore, the court will not address the substantive questions of law addressed by the defendants in ruling on a motion to amend.
HIGGINS, J.