[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Christopher Gould initiated this action against defendants M B Motorsports, Inc. ("M B"), Michael Morotto (a principal of M B)[1], and John Devers. The plaintiff claims he was injured on November 23, 1990, while a passenger in an automobile operated by Devers, when the rear tire became separated from the automobile, causing an accident. In the original complaint, filed November 17, 1992, the plaintiff alleged that defendants M B and Morotto owned, maintained, or leased the vehicle operated by Devers at the time of the accident. The plaintiff alleged that defendants M B and Morotto knew or should have known of the defective condition of the automobile and failed to warn Devers or the plaintiff of the vehicle's condition.
On February 19, 1993, the plaintiff requested leave to file an amended complaint that contained additional counts (counts four and five) against M B and Morotto, respectively, alleging liability as automobile lessors under General Statutes §14-154a[2]. The defendants objected to the leave to file the amendment and the court, Parker, J., overruled the objection to the request to amend without written decision. The defendants then filed a special defense asserting the statute of limitations against the fourth and fifth counts. The plaintiffs moved to strike the special defense and the court, Pittman, J., granted the motion to strike the special defense from the bench.
The defendants M B and Morotto ("the moving defendants") now move for summary judgment on the fourth and fifth counts of the second amended complaint. The moving defendants again assert that the fourth and fifth counts are barred by the statute of limitations and also assert that no genuine issue of material fact exists with respect to fact that the defendants were not lessors of the motor vehicle. In support of the motion for summary judgment, the defendants submit the affidavit of Morotto, wherein he avers that no consideration was given in exchange for allowing Devers to use the motor vehicle involved in the accident. CT Page 11948
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
1. Statute of Limitations
The moving defendants rely on the pleadings and argue that the fourth and fifth counts of the second amended complaint are time barred because these counts were first alleged after the expiration of the two year period required by General Statutes § 52-584. The plaintiff argues that the law of the case forecloses the consideration of the statute of limitations defense, and that the fourth and fifth counts relate back to the original complaint.
With respect to the plaintiff's argument based on the doctrine of the law of the case, where a matter has been ruled upon interlocutorily, in the absence of some new or overriding circumstances the court in a subsequent proceeding may treat the decision as the law of the case if it is of the opinion that the issue was correctly decided. Miller v. Kirschner, 225 Conn. 185,191, 621 A.2d 1326 (1993); Breen v. Phelps, 186 Conn. 86,99, 439 A.2d 1066 (1982). However, the other decisions on which the plaintiff relies to assert the doctrine of the law of the case were issued from the bench with no written decision. Therefore, this court is unable to ascertain whether the other CT Page 11949 courts actually ruled on the particular issue raised by motion for summary judgment before the court today. The plaintiff has not attached a transcript of the prior proceedings to illuminate the basis of the prior courts' rulings.
However, with respect to the plaintiff's argument regarding the relation back doctrine,
 [i]n amending a complaint "`[i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same.'" Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239, 429 A.2d 486 (1980), quoting Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724 (1961). An amendment to a complaint that sets up a new and different cause of action speaks as of the date when it is filed. Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988); Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974).
Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665, 668,596 A.2d 14 (1991). An amendment will "relate back" to the original complaint when it asserts the same sets of circumstances and depends on the same facts to prove or disprove the allegations. Id.; See also Sharp v. Mitchell, supra,209 Conn. 73. In Felsted v. Kimberly Auto Services, Inc., supra,25 Conn. App. 668, relied on by the defendant, the plaintiff Felsted sued a tow truck operator and the owner of a taxi cab that was being towed by the tow truck, for injuries sustained when the taxi, while being towed, collided with the plaintiff's vehicle. The plaintiff originally alleged that the taxi cab owner was liable as a principal or employer of the tow truck operator. In an amended complaint, the plaintiff alleged that the taxi cab owner was also liable under General Statutes § 14-154a, because the taxi cab owner leased the taxi to its driver, who was in control of the taxi prior to its being towed. The appellate court upheld the trial court's determination that the amendment asserted a new cause of action and was therefore barred by the statute of limitations. The appellate court ruled that the allegations based on General Statutes § 14-154a relied on a new relationship between the taxi cab owner and its driver that was not alleged in the original complaint. Therefore, the cause of action based on General Statutes § 14-154a did not relate back to the original complaint. Id. CT Page 11950
In the present case, the plaintiff's original complaint contains allegations of negligence based on the moving defendants' relationship as owners of the vehicle operated by Devers. The fourth and fifth counts amplify the basis of that relationship, and rely on the same facts as alleged in the original complaint. Accordingly, the fourth and fifth counts relate back to the original complaint.
In addition, the statute of limitations defense must first be raised by a special defense. Engman v. Laschever,9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.) ("[A] statute of limitations defense must be specifically pleaded before it may be raised as a basis for a summary judgment motion."). In the present case the court, Pittman, J., struck the defendants' special defense asserting the statute of limitations defense and the defendants did not replead. Accordingly, the defendants cannot reassert the statute of limitations defense by way of summary judgment without the special defense. Id. Therefore, the defendants' motion for summary judgment on the ground of the statute of limitations should be denied.
2. General Statutes § 14-154a
The moving defendants also argue that they are entitled to judgment as a matter of law on the fourth and fifth counts based on General Statutes § 14-154a. The lessor's liability under General Statutes § 14-154a is contractual; Levy v. Daniels'U-Drive Auto Renting Co., Inc., 108 Conn. 333, 336, 143 A.2d 163
(1928); and the intent of the legislature in enacting the provision was "to impose upon the person who lets an automobile for hire a liability for the tortious acts of him who hires it or anyone who comes into possession of it under a contract of hiring with the express or implied authority of the owner."Connelly v. Deconnnick, 113 Conn. 237, 239, 155 A. 231 (1931).
The moving defendants argue that the evidence demonstrates that they did not accept any consideration for loaning the vehicle to Devers and, therefore, there is no genuine issue of material fact with respect to the plaintiff's claims under General Statutes § 14-154a. In support of summary judgment, the moving defendants submit the affidavit of Morotto, wherein he avers that Devers was a customer of M B, that the automobile involved in the accident was given to Devers while the defendants were performing work on Devers' automobile, and that no CT Page 11951 compensation was exchanged for the loan of the vehicle.
Based on the evidence submitted by the moving defendants, a question of fact exists with respect to whether a contract of lease or hire sufficient to base liability under General Statutes § 14-154a existed between the moving defendants and Devers. The term "lease" or "rent" refers to compensation for the use of land or property. Later v. Pellettieri, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. SPH-9004-55199 (January 28, 1991, Berger, J.), citingW.S. Quimby Co. v. Sheffield, 84 Conn. 177, 190 (1911). Although defendant Morotto averred that no considerations was given in the form of a lease arrangement between Devers and M 
B, Morotto did aver that Devers was allowed to use the automobile because he was a customer of the defendants and the defendants were repairing Devers' automobile. In addition, defendant Morotto did not aver that he was repairing Devers' automobile for free. The fair import of the term "customer," used by Morotto to describe Devers, indicates that the services provided by the moving defendants to Devers were provided in exchange for compensation. Accordingly, a question of fact exists whether the contract for services provided by Morotto and M B, for which the defendants received or were to receive compensation, included the lease of the loaner automobile. The resolution of this issue will require an examination of the intent of the parties to the contract for services between the moving defendants and Devers.
 In ascertaining intent, we consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish. . . . The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction.
(Citations omitted; internal quotations marks omitted.) Barnardv. Barnard, 214 Conn. 99, 109-110, 570 A.2d 690 (1990). The "`summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with the questions of motive [and] intent. . . .' United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 367, 260 A.2d 596
(1969)." Connell v. Colwell, supra, 251. Accordingly, the CT Page 11952 defendants have failed to demonstrate the nonexistence of a genuine issue of material fact on the issue of the whether or not they were lessors of the automobile, and the defendants' motion for summary judgment is denied.
/s/ Sylvester, J. SYLVESTER