[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court in the plaintiffs' motion to amend the complaint and the objection of defendant William Goodrich to that amendment.
By a complaint served on William Goodrich on August 3, 1992, the plaintiff, Aaron Barile, alleged that on August 2, 1990, when the plaintiff was a minor, he was injured as a result of the negligent operation of a boat by defendant Christopher Goetsch. In the second count of the complaint, the plaintiff alleges that Goetsch's grandfather, defendant William Goodrich, gave his grandson authority to operate a Boston Whaler owned by Goodrich. At paragraph 7 of Count Two of the complaint the plaintiff alleges that Goodrich "knew or should have known that Christopher Goetsch often operated boats without the control required to avoid accidents such as the one causing injuries to [plaintiff]. The plaintiff alleges that Goetsch was operating the boat as a "family vehicle."
In his motion to amend, the plaintiff seeks to add a third count alleging that Goodrich was negligent in maintaining the boat for use and operation by Goetsch in one or more of the following ways
 a. In that he knew or should have known that Christopher Goetsch did not have the requisite skill and maturity to operate said boat in a manner that would not endanger others such as the plaintiff;
 b. In that he knew or should have known that Christopher Goetsch operated the boat when his faculties and abilities were diminished by his unlawful use of alcohol and controlled substances;
 c. In that he failed to impose reasonable restrictions upon Christopher Goetsch to promote and ensure that he CT Page 1877 would use the boat in a reasonably safe manner.
The movant claims that the requested amendment would add new claims barred by the two year statute of limitations and that amendment should therefore be denied. In essence, the movant asks this court to disallow amendment by adjudicating the merits of a special defense raising the statute of limitations.
The rule of practice that governs the granting of amendments offer an initial pleading is Practice Book § 176. That section provides that the court "may restrain such amendment so far as may be necessary to compel the parties to join issue in a reasonable time for trial." The rule makes no mention of a court's discretion to deny an amendment because it is claimed to be subject to a special defense such as the expiration of the limitation period.
Rather, the factors to be considered in passing on a motion to amend where the trial is not in progress are "the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Cummings v. General Motors Corp.,146 Conn. 443, 449-50 (1955); LoSacco v. Young, 20 Conn. App. 6,17, cert. denied, 213 Conn. 808 (1989).
The standard of review of a court's ruling on a motion to amend is abuse of discretion, and discretion has been held not to be abused where the proposed new allegations "amplifying or expand on what has already been alleged in support of a cause of action, provided the cause of action remains substantially the same."Giglio v. Connecticut Light and Power Co., 180 Conn. 230, 239
(1980).
Defendant Goodrich asserts that his position that the merits of a potential statute of limitations defense should be considered as a reason to deny leave to amend is supported by Sharp v.Mitchell, 209 Conn. 59 (1988). A careful reading of that case reveals that the issue of the timeliness of the plaintiff's claims was decided not upon a motion to amend but upon a motion for summary judgment after the amendment had been made. Sharp v.Mitchell, 209 Conn. 62-63.
The defendant cites Felsted v. Kimberly Auto Services,25 Conn. App. 665 (1991) in which the Appellate Court stated, without citation, that the claimed expiration of the statute of limitations was a reason to deny amendment. Felsted predated Supreme Court cases such as Suarez v. Dickmont Plastics, 229 Conn. 99 (1994), in CT Page 1878 which the Supreme Court signalled a cautious approach to summary judgment even in the context of a fully developed motion for summary judgment. The statute of limitations is a matter subject to a great many factual determinations, such as the applicability of § 52-592 C.G.S., the doctrine of "relating back"; Gurliacci v.Mayer, 218 Conn. 531, 547 (1991), and tolling for various reasons.
For a court to anticipate a motion for summary judgment as to a potential statute of limitations defense, as the defendant urges, does not appear to accord with the Supreme Court's regard for the factual issues that may surround the applicability of such a defense.
Adherence to the criteria specified in Practice Book § 176 leads to the conclusion that amendment should be permitted.
The plaintiff in the case before this court filed the motion to amend within six weeks of the court's opening the judgment after the case had proceeded to a hearing in damages upon the default of defendant Goodrich. That default was entered on October 23, 1992. The motion to open the judgment was not filed until April 4, 1994, and it was not acted upon until December 19, 1994. The plaintiff can hardly be found to have been obligated to amend his complaint while a default and default judgment were in effect, and the court finds that the plaintiff filed the motion to amend with reasonable promptness after the default judgment was set aside. Defendant Goodrich did not move to open the default judgment until about eighteen months after the entry of the default. This delay was not occasioned by the plaintiff, who should not be deprived of the opportunity to refine his complaint based on a lapse of time that was not of his doing.
Contrary to defendant Goodrich's assertions, the proposed amendment appears to be merely a more detailed explanation of the theory stated in the original complaint: negligent entrustment by Goodrich of a power boat to a person he knew or should have known was likely to operate it negligently. Though it provides further detail, the amendment is based on the previously disclosed theory of negligent entrustment of a motorized conveyance to an operator known not to be likely to use it with appropriate care. The plaintiff's initial reliance on a theory of strict vicarious liability by the owner of the boat nevertheless contained allegations of negligent entrustment, and the defendant has long been on notice of that claim. CT Page 1879
The motion to amend the complaint is granted.