[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 28, 1994, the plaintiff, Pilot's Choice, Inc. ("Pilot") filed a request to amend its complaint against the defendant, E.E. Zimmerman Company, Inc. ("Zimmerman"). The "revised complaint" filed simultaneously with the request to amend recites causes of action based on the products liability act, breach of warranty and breach of implied warranty of merchantability under General Statutes § 42a-2-314.
On May 6, 1994, Zimmerman objected to the proposed amendment arguing that the products liability act is the exclusive ground for recovery and it cannot be "joined with any other cause of action either statutory or common law." Therefore, Zimmerman requests the court to deny Pilot's leave to amend. Pilot elected not to file a memorandum of law on the issue.
"The Court is aware that Connecticut follows a liberal policy of allowing amendments; Farrell v. St. Vincent's Hospital,203 Conn. 554, 561 (1987); and that, in general, a party may amplify or expand what has already been alleged so long as the amendment arises from the same set of facts." Connecticut National Bank v.Rytman, Superior Court, Judicial District of New London, Docket No. 50 57 41 (October 15, 1990, Walsh, J.). However, "liberality has limitations." Id. For instance, if the amendment is legally insufficient on its face, the request to amend may be denied by the court. Id.; see Felsted v. Kimberly Auto Services Inc.,25 Conn. App. 665, 666-67, 596 A.2d 14, cert. denied, 220 Conn. 922,597 A.2d 342 (1991) (denial of leave to amend affirmed where claim is barred by statute of limitations).
General Statutes § 52-572n provides that when a products liability claim is plead it "shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." In WinslowCT Page 10075v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989), Justice Hull construed the foregoing phrase to mean that "[t]he legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope."
Here, Pilot attempts to assert breach of warranty and breach of the implied warranty of merchantability claims along with its products liability claim. These surplus claims are precluded byWinslow and the plain language of § 52-572n. Where the plaintiff asserts a products liability act claim, it may proceed on that claim alone. Winslow v. Lewis-Shepard, Inc., supra, 471.
Accordingly, the court denies Pilot's leave to amend its complaint.
Stodolink, J.