[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#112)
This matter comes before the court on defendant Tony March Buick's motion for summary judgment.
The complaint alleges that on December 21, 1997, the plaintiff, Tanya Hannah, was operating a motor vehicle owned by her husband on Long Hill Road, Groton, CT, when it was struck by a vehicle operated by the defendant, Kristen Pezzello. The vehicle driven by Kristen Pezzello was owned by the defendant car dealership, Tony March Buick. Hannah further alleges that Kristen Pezzello was operating said motor vehicle under a general authority to drive or was given permission by an agent, servant or employee of Tony March Buick. CT Page 5991
On September 9, 1998, Hannah filed a two count complaint against Tony March Buick, Kristen Pezzello and Progressive Northwestern Insurance Co., for damages resulting from said accident. Count one seeks damages from Tony March Buick under a respondeat superior theory of liability.
On March 30, 1999, Hannah filed an objection to the motion for summary judgment and a supporting memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999).
Tony March Buick argues that Kristen Pezzello was not an employee of Tony March Buick nor was she authorized to drive the vehicle and, therefore, Tony March Buick may not be held vicariously liable.
Hannah states that Connecticut General Statutes § 52-183
raises a presumption that the owner of a motor vehicle is legally responsible for the negligent or reckless operation of that automobile, if at the time of the accident, the operator was an agent of the owner. In this case, Hannah continues, there exists a genuine issue of fact as to whether such an agency relationship existed and, given this issue, the court cannot grant summary judgment.
"[General Statutes] Section 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The presumption ceases to operate, however, when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner. then rests upon the plaintiff. . . ." (Internal quotation marks omitted.) Felsted v.Kimberly Auto Services. Inc., 25 Conn. App. 665, 670,596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991).
In support of its motion, Tony March Buick submits (1) the affidavit of Tony March, dated March 6, 1999(2) a "Demonstrator Agreement" dated October 13, 1997; and (3) the uncertified CT Page 5992 deposition testimony of Frank Pezzello.
"[T]he court cannot consider the uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book." (Internal quotation marks omitted.) Pishnov v.Lewis, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123598 (June 20, 1995, D'Andrea, J.) Thus, the court will not examine the deposition testimony in deciding this motion for summary judgment.
As to the affidavit of Tony March Buick, the plaintiff argues that the affidavit is insufficient to rebut the presumption of an agency relationship.
It is true that "[w]ith respect to the agency presumption established by General Statutes 52-183, because the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the defendant's simple assertion that no consent to operate the motor vehicle was ever given, is not enough to overcome the presumption. . . ." (Citations omitted; internal quotation marks omitted.) Brown v. Hunter, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 516942 (January 20, 1994, Espinosa, J.)
Here, however, the affidavit of Tony March Buick does not merely contain the customary denial of lack of consent. Tony March Buick alleges that: (1) Kristen Pezzello was never an employee of Tony March Buick; (2) Tony March Buick permitted its employee, Frank Pezzello, limited use of the vehicle pursuant to a "Demonstrator Agreement" entered into by Tony March Buick and Frank Pezzello; and (3) pursuant to said "Demonstrator Agreement," Kristen Pezzello was not authorized to drive the vehicle. (Affidavit, ¶¶ 4, 6, 10, 11).[1] These allegations go beyond a mere denial and are sufficient to shift the burden to Hannah to demonstrate the existence of an agency relationship.
Hannah merely asserts that a question of fact exists and offers no evidence in support. "Although a party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for CT Page 5993 the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995)
The defendant's motion for summary judgment is granted.
Mihalakos, J.