[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Pursuant to Connecticut Practice Book §§ 17-44, et seq., the defendant, Snappy Car Rental, Inc., has filed a Motion for Summary Judgment. The defendant submits that there is no genuine issue of material fact or law and that the plaintiff cannot recover against it because the plaintiff's action is barred byConnecticut General Statutes § 52-584 in that the lawsuit by the plaintiff to recover for personal injuries under ConnecticutGeneral Statutes § 14-154a was not instituted within two (2) years.
The plaintiff has filed an Objection to the Motion for Summary Judgment stating that the defendant has not shown that there is no genuine issue of material fact or law for the court to decide. Plaintiff filed an amended complaint on July 30, 1999, substituting Connecticut General Statutes § 14-154a forConnecticut General Statutes § 52-183 as the allegations of negligence against said defendant. The plaintiff claims that the amended allegation relates back to the original complaint and count for negligence, and therefore, is not time barred pursuant to Connecticut General Statutes § 52-584.
FACTUAL BACKGROUND
On May 27, 1997 at approximately 2:20 p. m., the defendant, Lisa Petrone, hereinafter identified as "Petrone," was operating a motor vehicle owned by the defendant, Snappy Car Rental, Inc., hereinafter referred to as "Snappy." Petrone was operating Snappy's vehicle on Wakelee Avenue, Ansonia, Connecticut, when she was involved in a collision with a motor vehicle owned and operated by the plaintiff, Lorraine Santos.
The plaintiff's original Complaint, dated February 8, 1999 and returnable March 2, 1999, contained two counts. In the First Count, the plaintiff alleges negligence and carelessness against defendant, Santos. In the Second Count of the original Complaint, plaintiff Petrone alleges negligence against the defendant, Snappy, as owner of the vehicle operated by the defendant, Santos, pursuant to Connecticut General Statutes § 52-183. CT Page 3248
On July 30, 1999, the plaintiff amended her original Complaint. The Amended Complaint amended the basis of liability of Snappy by deleting reference to Connecticut General Statutes § 52-183, and replacing the basis of defendant Snappy's liability withConnecticut General Statutes § 14-154a.
The defendant, Snappy Car Rental, Inc., did not object to the plaintiff's Amended Complaint and pursuant to the ConnecticutPractice Book § 10-60 the amendment was deemed to have been filed by consent of the adverse party.
Summary judgment is appropriate only when the pleadings, affidavits and other proof demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book
§ 17-49; Willard v. Traveler's Insurance Co., 247 Conn. 331, 340
(1998); Home Insurance Co. v. Aetna Life and Casualty Co.,235 Conn. 185, 202 (1995)
The party advocating summary judgment "has the burden of showing the absence of any genuine issue as to all of the material fact which, under applicable principles of substantive law, entitled him to judgment as a matter of law." Spencer v.Good Earth Restaurant Corp., 164 Conn. 194, 197 (1972). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Miller v. United Technologies Corp.,233 Conn. 732, 751-752 (1995). When deciding a Motion for Summary Judgment, the trial court views the evidence in a light most favorable to the non-moving party. Haesche v. Kissner,229 Conn. 213, 217 (1994); Connecticut Bank and Trust v. Carriage LaneAssoc., 219 Conn. 772, 781 (1991)
In order to oppose a Motion for Summary Judgment, the opposing party must cite contradictory facts, supported by counter-affidavits and concrete evidence. Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663 (1997). The opposing party must present evidence to demonstrate that a genuine issue of material fact exists. Haesche, supra. 217;Connecticut Bank and Trust Co. v. Carriage Lane Assoc., supra, 781.
In Connecticut, the statute of limitations is an affirmative defense which must be specifically pleaded, Connecticut PracticeCT Page 3249Book § 10-50, and here the defendant, Snappy, has filed a Special Defense.
When a defendant raises the statute of limitations as a special defense, the essential elements of that defense become material facts which, if proven at trial, will entitle the defendant to judgment as a matter of law. Muchler v. Sokolowski, No. 381804,1994 Conn. Sup. 319, judicial district of Hartford-New Britain at Hartford (Sheldon, J.). Therefore, in the event the materials submitted in support of a defendant's motion for summary judgment incontrovertibly establish all the essential elements of his statute of limitations defense, the motion must be granted.Muchler v. Sokolowski, supra, 321.
The issue the court must address is whether the Amended Complaint relates back to the original Complaint, or does the Amended Complaint state a new cause of action.
The Doctrine of Relation Back, as applied by Connecticut Courts, is akin to rule 15(c) of the Federal Rules of CivilPractice. Giglio v. Connecticut Light and Power Co.,180 Conn. 230, 239 (1980). Rule 15(c) provides in pertinent part:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the Amendment relates back to the date of the original pleading."
In Gurliacci v. Mayer, 218 Conn. 531, 547-548 (1991), our Supreme Court states that the policy behind the rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations afford. The objective of our statutes of limitations, namely to protect parties from having to defense against stale claims, is fully served.
Connecticut General Statutes § 52-584 states in pertinent part:
 "No action to recover damages for injury to the person . . . shall be brought but within two years from date when the injury is first sustained . . .
The injury to the plaintiff, as stated in her Complaint and CT Page 3250 Amended Complaint, occurred on May 27, 1997. In the Complaint dated February 8, 1999 and returnable March 2, 1999, the plaintiff alleged liability against the defendant, Snappy, based on Connecticut General Statutes § 52-183. Connecticut GeneralStatutes § 52-183 states:
 "In any civil action brought against the owner of a motor vehicle to recover damage for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of employment. The defendant shall have the burden of rebutting the presumption."
By way of an Amended Complaint dated July 30, 1999, the plaintiff has deleted reference to Connecticut General Statutes
§ 52-183 in paragraph 15 of the Second Count and replaced it with liability against the defendant, Snappy, based uponConnecticut General Statutes § 14-154a, which states:
 "Any person renting or leasing another motor vehicle not owned by him shall be liable for any damages to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
In Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665,670 (1991), the Appellate Court stated:
 "Sec. 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the "agent and servant of the owner of the motor vehicle and operating it in the course of his employment.' The presumption ceases to operate, however, "when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner then rests upon the plaintiff.'"
In Pedevillano v. Bryon, 231 Conn. 265, 268 (1994), the Supreme Court stated, regarding Connecticut General Statutes § 14-154a:
 "It cannot be regarded otherwise than as an expansion of legislative judgment as to the extent — beyond the CT Page 3251 limitations of the general principles of respondeat superior and the "family car doctrine to which the owner of a motor vehicle entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at that time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental."
(Citations omitted; emphasis added; internal quotation marks omitted.)
The Supreme Court went on to state as follows:
 "In light of this long standing interpretation of 14-154a, we may readily dispose of the plaintiff's contention that the statute imposes unlimited liability on the lessor for any injury caused by any motor vehicle that it owns.
 "We are equally unpersuaded that even liberally construed § 14-154a imposes unlimited liability of any lessor that voluntarily entrusts a motor vehicle to a lessee."
The court further stated that the lessor's liability under § 14-154a invariably has been based upon a tortfeasor who had possession of a leased vehicle in accordance with the lease agreement, rather than a thief of a motor vehicle, or a driver not authorized to operate the leased vehicle under the terms of the lease agreement. Pedevillano v. Bryon, supra, 269, 270.
The defendant argues that under Connecticut General Statutes
§ 52-183 a rebuttable presumption is raised under an agency theory and must be resolved before a defendant, such as Snappy, would be found liable. However., under Connecticut GeneralStatutes § 14-154a, the defendant Snappy's liability would be subject to the negligence and carelessness of an authorized driver. The operative words in this court's analysis of the defendant's liability under Connecticut General Statutes §14-154a are "authorized driver." Under Connecticut GeneralStatutes § 14-154a, the defendant has an ability to show that the driver of the motor vehicle is not an "authorized driver" under the terms of any lease agreement. Under Connecticut GeneralStatutes § 52-183, the defendant, Snappy, would have an ability to defend by way of a rebuttable presumption under an CT Page 3252 agency theory. Both § 52-183 and § 14-154a afford the defendant a basis for defense depending upon the existence or nonexistence of an authorized relationship with the operator of the defendant Snappy's motor vehicle.
Both the Complaint and the Amended Complaint relate to the same alleged accident, and the same alleged conduct by the defendant operator of the motor vehicle. The defendant, Snappy, cannot claim surprise regarding a claim of negligence by the operator of the auto owned by Snappy and the liability claim being imputed to the defendant, Snappy, by virtue of its ownership of said motor vehicle. This court, therefore, determines that there is no new cause of action that would be time barred upon the filing of the Amended Complaint in this action. The Amended Complaint does relate back to the original Complaint.
The court has reviewed the defendant, Snappy's, reliance uponSharp v. Mitchell, 209 Conn. 59 (1988), and agrees with the plaintiff that it is inappositive, in that it deals with a claim against an employer under the doctrine of dual capacity versus the issue of exclusivity of the Worker's Compensation Act.
Accordingly, the Motion for Summary Judgment is denied.
Arnold, J.