[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON OBJECTION TO REQUEST TO AMEND (#121)
This action, commenced by service on October 16, 1998, alleges that one St. Cyr negligently drove a truck on August 7, 1998, thereby causing injuries to the plaintiff. By amended complaint dated December 9, 1998, the operative complaint prior to the amended complaint which is the subject of the instant request to amend and objection thereto, the plaintiff alleged in the first count that the defendant Welch Enterprises, the movant in this matter, was liable to the plaintiff because at the time of the accident the defendant driver "was operating the . . . vehicle as an agent, servant or employee of the defendant Welch Enterprises, Inc. (hereafter "Welch"), and was in the course of his employment when said accident occurred." The count went on to claim that Welch was negligent because St. Cyr drove negligently in various specified ways. The second count was a loss of consortium claim brought by the plaintiff Mary Kolek, and alleged negligence against Welch in the same manner as in the first count. There were no other allegations of negligence as to Welch, although counts were also brought against St. Cyr individually, April Knapp as owner of the truck who allegedly negligently "allowed" St. Cyr to drive, and Leonard Geer d/b/a LKG Contracting on the theory that St. Cyr was also acting as the agent, servant or employee of Geer.
In January, 1999, the plaintiffs released their claims as to St. Cyr and Knapp[1], and in May, 2001, released their claims as to Geer. In June, 2001, the defendant Welch Enterprises moved for summary judgment on the ground that release of an agent in a principal-agent relationship also releases the principal, in accordance with Alvarez v. New HavenRegister, Inc., 249 Conn. 709 (1999). The judge before whom the motion for summary judgment was scheduled to be argued, Lavine, J., allowed the motion to be marked "off" to permit the plaintiff to file an amended complaint to "reflect the new realities" of the case.
A Request for Leave to File an Amended Complaint, along with an Amended Complaint, were filed in March, 2002. This complaint alleges that Welch was negligent in that it negligently "allowed" St. Cyr to operate the Knapp truck in various ways. Welch has objected to the filing of the amended complaint, on the ground that it has been released by virtue of the release of St. Cyr. Welch further claims that the proposed complaint is barred by the applicable statute of limitations because it alleges a CT Page 8203-cw new set of facts, and therefore cannot relate back to the earlier complaint. Only the objection to the filing of the amended complaint is before me at this time.
A preliminary issue is the range of issues which ought to be resolved when a request for permission to amend a pleading is contested. The traditional approach, which has technical appeal, is to limit the inquiry to issues such as unfair surprise and potential for delay; substantive issues have traditionally been postponed until the pleading is filed and is able to be formally addressed. See, e.g., Solomon v. Liquor ControlCommission, 8 Conn. Sup. 511 (1940). More recently, courts have been increasingly amenable to deciding substantive issues in the context of objections to amend pleadings. See, e.g., Felsted v. Kimberly AutoServices, 25 Conn. App. 665, 667-68 (1991). Because the parties have argued their substantive positions in connection with the objection to amend and it would seem inefficient to grant the amendment[2] only to have the parties reargue their positions, I will consider the merits of the parties' positions.
There is no disagreement with the fact that the accident occurred on August 7, 1998. There similarly is no disagreement with the proposition that the applicable statute of limitations is § 52-584. If the amended complaint does not relate back to the initial filing, then, the cause of action alleged in the amended complaint is barred by the statute of limitations.
As stated above, the complaint initially alleged vicarious liability on the part of Welch: Welch would be liable only if the driver St. Cyr were liable and the necessary relationship between Welch and St. Cyr were proved. No independent negligence on the part of Welch was alleged. The amended complaint alleges that Welch acted negligently in several different ways in failing to supervise appropriately.
The relation back doctrine has been well established by this court. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains CT Page 8203-cx substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citation omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 263-64, 654 A.2d 748 (1995). Alswanger v.Semego, 257 Conn. 58, 64-64 (2001).
Examples of what constitutes a new and different factual situation as opposed to an amplification or expansion abound. In Sandvig v. A. Dubreuil Sons, Inc., 68 Conn. App. 79, 85-86 (2002), it was held that an allegation of negligence claiming that a defendant actively damaged a tiled floor required a "different factual predicate" than an allegation that a defendant failed to repair already defective tiles. See Sharp v.Mitchell, 209 Conn. 59, 73 (1988). In Felsted v. Kimberly Auto Services,Inc., 25 Conn. App. 665, the Appellate Court held that an allegation that a defendant was the lessor of a motor vehicle pursuant to § 14-154a
of the General Statutes did not relate back to prior allegations that the defendant was a "principal or employer".
A review of the case law convinces me that the allegation in the proposed amended complaint, that the defendant Welch was negligent itself
in various ways, is "new and different" from the prior allegation that Welch was a principal of the allegedly negligent driver. To prove liability under the prior complaint, the plaintiff presumably would introduce evidence to show only the negligence of the driver and the status relationship between the two; to prove liability under the proposed amendment, the plaintiff would presumably have to show negligence of some sort on the part of Welch. The allegations involve different sets of fact, and the proposed amendment does not relate back. Because the proposed amendment therefore is barred by § 52-584 of the General Statutes, the objection to the request to amend the complaint is sustained.[3]
 ___________________, J. Beach