KIRK WALWORTH, EXECUTOR (ESTATE OF CLARENCE B. WALWORTH), ET AL. *v.* HARTFORD HOSPITAL ET AL. (8599)

DALY, NORCOTT and LANDAU, Js.

Argued May 7—decision released October 2, 1990

*James C. Wing, Jr.,* for the appellants (plaintiffs).

*Lois B. Tanzer,* with whom, on the brief, was *Tracey C. Kammerer,* for the appellee (named defendant).

*Dean M. Cordiano,* with whom was *Mary Ellen C. Whiteman,* for the appellee (defendant Herrick Ridlon).

NORCOTT, J. The plaintiffs, Kirk Walworth and Joyce Walworth, appeal from the judgment rendered following the trial court's granting of the defendant Hartford Hospital's motion to dismiss and the defendant Herrick Ridlon's motion to strike. The dispositive issue on appeal is whether an action dismissed for failure to file a memorandum in opposition to a motion to dismiss can be reinstituted under General Statutes § 52-592, the accidental failure of suit statute.

This case arises from a complex set of procedural facts. In July, 1986, Clarence Walworth and his wife Joyce instituted an action against Hartford Hospital, Ridlon and Donald Walker,[1] seeking damages for injuries sustained by Clarence Walworth allegedly as a result of the defendants' malpractice and for loss of consortium on behalf of Joyce Walworth (*Walworth I*). On March 31, 1987, Clarence Walworth died.

Almost one year later, on February 29, 1988, Ridlon moved to dismiss the action for failure to appoint an administrator or executor in a timely manner pursuant to General Statutes § 52-599.[2] Hartford Hospital filed a similar motion, and argument on both motions was heard on March 28, 1988. On that same day, Kirk Walworth, as executor of the estate of Clarence Walworth, moved to be substituted as a party for his decedent. The trial court, *Purtill, J.,* granted Hartford Hospital's motion to dismiss and notified that defendant on May 10, 1988. The court's order cited the plaintiffs' failure to file a memorandum in opposition to the defendants' motions as required by Practice Book § 143[3] and the plaintiffs' failure to appoint an admin-

[1] Donald Walker was a defendant in the original action. He was not, however, named by the plaintiffs in their second complaint and is therefore not a party to this appeal.

[2] At the time of Clarence Walworth's death, General Statutes (Rev. to 1987) § 52-599 provided in relevant part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.

"(b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party plaintiff dies, his executor or administrator may enter within six months thereafter and prosecute the action in the same manner as his testator or intestate might have done if he had lived. If a party defendant dies, the plaintiff, within one year thereafter, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed."

[3] At all times relevant to this case, Practice Book § 143 provided: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the

istrator or executor within the time period imposed by General Statutes § 52-599. The trial court, *Shaughnessy, J.*, granted Kirk Walworth's motion to be substituted as a party plaintiff on June 20, 1988. On April 19, 1989, Judge Purtill amended his order dismissing the action to include the claims against Ridlon.

On March 29, 1989, the plaintiffs brought a second action under General Statutes § 52-592, the accidental failure of suit statute (*Walworth II*).[4] Hartford Hospital moved to dismiss *Walworth II*, claiming that

subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

The recent amendment to Practice Book § 143 deleted the provision that a party failing to timely file an opposing memorandum has consented to the granting of the motion. This provision was in force, however, when the plaintiffs' original action was dismissed. Therefore, for purposes of this appeal, we must apply Practice Book § 143 as including the now defunct consent provision.

[4] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

because the plaintiffs had failed to file a memorandum in opposition to the defendants' motions to dismiss in *Walworth I* and to appoint an administrator or executor in a timely manner, they were precluded from relying on General Statutes § 52-592 to revive their suit. Ridlon filed a motion to strike with similar allegations. The trial court granted both motions, finding that the failure to substitute an executor under General Statutes § 52-599 was fatal to the action and that a new action could not be recommenced under General Statutes § 52-592.

Our decision in this case is controlled by our Supreme Court's ruling in *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986) (*Hughes I*), and its progeny. In *Hughes I,* the court held that the plaintiff, by failing to file a memorandum in opposition to the defendant's motion to strike as required by Practice Book § 155,[5] had consented to the granting of that motion and was therefore precluded from mounting a substantive challenge to that ruling on appeal. Id., 402. The plaintiffs in *Hughes I* filed a second action under General Statutes § 52-592. In an appeal from the trial court's dismissal of this second action, the Supreme Court determined that "[t]he judgment that may . . . enter [after the plaintiff's failure to file a memorandum in opposition to a motion to strike], though not necessarily a determination on the merits, is nevertheless a final

[5] At the time of *Hughes I,* Practice Book § 155 provided: "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies.

"If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

As with Practice Book § 143, a recent amendment to Practice Book § 155 deleted the consent provision.

judgment whose issues are thereafter res judicata as between the parties." *Hughes* v. *Bemer*, 206 Conn. 491, 495, 538 A.2d 703 (1988) (*Hughes II*). The court concluded, therefore, that an action dismissed pursuant to Practice Book § 155 has not failed "for any matter of form" within the meaning of General Statutes § 52-592. Id., 494–95; cf. *Lacasse* v. *Burns,* 214 Conn. 464, 572 A.2d 357 (1990) (dismissal for failure to prosecute under Practice Book § 251 held to be a dismissal for a "matter of form" and is thus distinguishable from a *Hughes II* dismissal).

Similarly, a plaintiff's failure to file a memorandum in opposition to a motion to dismiss operates as a consent to the granting of the motion. *Blonder* v. *Hartford Helicopters, Inc.,* 209 Conn. 618, 522 A.2d 427 (1989); *Burton* v. *Planning Commission,* 209 Conn. 609, 553 A.2d 161 (1989). A dismissal for such a failure, however, is a final judgment to which the principles of res judicata attach only if "the plaintiffs' concession of the judgment rendered thereafter . . . directly or tangentially implicates the merits of the underlying controversy." *Southport Manor Convalescent Center, Inc.* v. *Foley,* 216 Conn. 11, 16, 578 A.2d 646 (1990). By failing to file a memorandum in opposition to a motion to dismiss in *Southport Manor,* the plaintiffs conceded only that the trial court lacked jurisdiction to hear the case. The Supreme Court held, therefore, that the plaintiffs were specifically authorized to commence a new action under General Statutes § 52-592 (a), which provides for such an action if " 'the [original] action has been dismissed for want of jurisdiction.' " Id., 17.

Unlike the dismissal of the plaintiffs' original action in *Southport Manor,* the trial court's dismissal of *Walworth I* was based not on jurisdictional grounds but on the plaintiffs' own neglect in failing to have an executor or administrator substituted within the time limit

found in General Statutes § 52-599 (b). "In cases where we have either stated or intimated that the 'any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, we have concluded that the failure of the case to be tried on its merits had not resulted from accident or even simple negligence." *Lacasse* v. *Burns,* supra, 473. Here, the plaintiffs waited for over one year before filing the requisite motion to substitute, and did so only when confronted with the defendants' motions to dismiss. We find that this neglect rises to the level noted in *Lacasse* v. *Burns,* id. Therefore, we conclude that, where "the failure of the suit was caused by the neglect of the plaintiff to have an administrator appointed and to present his claim at an earlier date rather than by the death of the defendant's intestate"; *Baker* v. *Baningoso,* 134 Conn. 382, 386, 58 A.2d 5 (1948); a plaintiff may not avail himself of the accidental failure of suit statute.

This case fits squarely within the rule stated in *Hughes II* and modified by *Southport Manor.* Under the facts of this case, there can be no action under General Statutes § 52-592 following a dismissal for failure to file a memorandum in opposition to a motion to dismiss as required by Practice Book § 143 as it existed in 1988. The plaintiffs are barred from reinstituting their action because the judgment of dismissal here, unlike the judgment of dismissal in *Southport Manor,* is deemed to have implicated the merits of the parties' controversy.

The judgment is affirmed.

In this opinion the other judges concurred.