[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 1, 1996
This action was brought under the accidental failure of suit statute, General Statutes § 52-592, seeking to reinstate a 1987 action brought by the plaintiffs, Steven and Safiye Biro, against the law firm of Sidley Austin, Steven M. Bierman, Frank V. Battle, Jr., and Henry R. Zheng. The facts of the 1987 action are fully set forth in Biro v. Hill, 214 Conn. 1, 570 A.2d 182
CT Page 6327 (1990). In brief, the complaint asserts that Sidley Austin tortiously interfered with partnership agreements between Biro, his wife, and Hill, a non-party to this action; Sidley Austin misappropriated and converted partnership assets and interfered with business expectations. The current action also alleges that Sidley Austin breached an oral contract with the plaintiff. On January 29, 1996, the defendants Steven Bierman, Frank Battle, Jr., and Henry Zheng filed a motion to strike (#107) the plaintiffs' complaint against them. The plaintiff subsequently withdrew the case as to the individual defendants, therefore the motion is moot. The defendant also filed a motion to dismiss and/or strike (#106), which the court agreed to hear. The defendant argues that the action cannot be brought pursuant to the accidental failure of suit statute because the new action contains additional allegations and causes of action, and the plaintiffs' conduct has been dilatory and egregious, thus reliance on General Statutes § 52-592 is unwarranted.
In response, the plaintiffs filed a request for leave to amend the complaint on March 11, 1996, to which the defendant objected. The plaintiffs filed a second request for leave to amend the complaint on July 1, 1996, to which the defendant objected. The plaintiffs also filed an objection to the motion to dismiss and/or strike.
The court first addresses the issue of whether a motion challenging a suit filed under the accidental failure of suit statute, General Statutes § 52-592, is a jurisdictional issue, and therefore is a motion to dismiss or a motion to strike. The Supreme Court has not specifically addressed the issue, and while courts have granted motions to dismiss actions brought under § 52-592, this court finds that the proper procedure is a motion to strike.
General Statutes § 52-592 provides "[i]f any action commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." Failure to meet the requirements of § 52-592 could be considered a jurisdictional bar because "[w]here a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period. In such CT Page 6328 cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather as a limitation on the liability itself, and not of the remedy alone . . . the time limitation is a substantive and jurisdictional pre-requisite, which may be raised at any time." (Internal citations and quotations omitted.) Ecker v. West Hartford, 205 Conn. 219, 232,530 A.2d 1056 (1987). The Supreme Court has upheld the granting of a motion to dismiss when the action does not fall under General Statutes § 52-592, however most of these involve actions where the original action was dismissed for lack of jurisdiction. See Lippmann v. Rashkoff, 32 Conn. App. 187,628 A.2d 624 (1993); Walworth v. Hartford Hospital, 23 Conn. App. 404,407, 580 A.2d 545 (1990). Some superior courts, while acknowledging that a motion to dismiss may not be the proper procedure, have granted the motion anyway. See Young v. Mukon,
Superior Court, Judicial District of Hartford/New Britain, Docket No. 538420, 13 CONN. L. RPTR. 8 (Nov. 15, 1994) (Hennessey, J.);Lovett v. Frankel, Superior Court, Judicial District of Hartford/New Britain, Docket No. 503526, 5 CONN. L. RPTR. 397 (January 6, 1992) (Schaller, J.).
Most superior courts, however, reason that the statute does not create a cause of action but instead extends the statute of limitations for causes of action which have not been tried on the merits. See Fitzpatrick v. Hall-Brooke Foundation, Inc., Superior Court, Judicial District of Fairfield, Docket No. 316876 (Feb. 5, 1996) (Thim, J.). A statute of limitations argument is a defense ordinarily raised by a motion to strike or a motion for summary judgment and does not implicate the court's subject matter jurisdiction. Id., citing to McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 527 n. 16, 590 A.2d 438 (1991); Biro v. Sidley Austin, Superior Court, Judicial District of Stamford, Docket No. 132616, 12 CONN. L. RPTR. 130 (July 6, 1994) (Dean, J.).[1]
This court finds the reasoning in these cases to be persuasive, and will treat the motion as a motion to strike.
Before considering the motion to strike on its merits. the court must resolve which complaint to rely upon, and will therefore consider the motions to amend. Because the plaintiffs filed a second motion to amend, the court will consider the first motion to amend to be moot, and look to the second motion. The second motion seeks to amend the complaint to be the same amended complaint as the plaintiffs filed in the 1987 action. The defendant argues that the amended complaint is a new cause of action, it speaks as of the time it was filed, and is therefore CT Page 6329 barred by the statute of limitations and does not meet the savings statute. An amendment relates back to the date of the original filing, unless it states a new cause of action, in which case it speaks as of the date of filing. See Gurliacci v. Mayer,supra, 218 Conn. 546-47. If the amendment states a new cause of action and is filed beyond the statute of limitations, the motion to amend will be denied. Felsted v. Kimberly Auto Services, Inc.,25 Conn. App. 665, 666-68, 596 A.2d 14 (1991). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Rogozinski v. American Food Service Equip.Corp., 34 Conn. App. 732, 738, 643 A.2d 300, cert. denied231 Conn. 910, 648 A.2d 732 (1994). "Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Id., quotingBridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197,91 A.2d 778 (1952). The December 1995 complaint and the proposed amended complaint allege the same group of facts for all the counts with the exception of the claim for breach of contract. The amended complaint does not contain that count, therefore, all the facts in the proposed complaint are in the December 1995 complaint, and therefore the proposed complaint does not state a new cause of action, and would not be barred.
That is not the end of the inquiry, however. "The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. In the interest of justice, our courts have generally been most liberal in allowing amendments. Where a sound reason is shown, the trial court must allow the amendment. . . The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial. In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." (Internal citations and quotation marks omitted.) Moorev. Sergi, 38 Conn. App. 829, 835, 664 A.2d 795 (1995). The amendment would actually streamline the issues, because the defendant's first argument in its motion to strike would be rendered moot, as the cause of action would be precisely the same as the 1987 cause of action. While the defendants argue vehemently that they are prejudiced by the passage of time, it is the accidental failure of suit statute that permits the passage of time, and an amendment simplifying the suit would have little CT Page 6330 impact on that issue. As more fully discussed below, this court does not find dilatory conduct on the part of the plaintiffs.
The defendant challenged the complaint on two grounds; it stated a new cause of action, and the plaintiffs' conduct has been egregious and dilatory. Because the court permitted the plaintiffs to amend the complaint to be identical to the revised complaint in the 1987 action, the first argument is no longer relevant.
As to the second argument, the Connecticut Supreme Court upheld a trial court's finding that "the egregious conduct of the plaintiff's case was never intended to be saved by the provisions of 52-592." Skibeck v. Avon, 24 Conn. App. 239, 242, 587 A.2d 166, cert. denied 219 Conn. 912, 593 A.2d 138 (1991). That case was originally dismissed pursuant to Practice Book § 251 for failure to prosecute, and the court held that "a plaintiff's ability to rely on 52-592 is limited to those cases where the 251 dismissal is rendered after the case failed because of accident or simple negligence." Id. The defendant argues that the plaintiffs were dilatory in that the nonsuit in the original complaint was granted after the defendants failed to comply, as the Supreme Court found. "even partially, with the discovery requests on three previously entered deadlines for compliance . . ." Biro v. Hill, 231 Conn. 462, 650 A.2d 541
(1994). The defendant argues that the case arises from events that occurred nearly 14 years ago in Oman. Litigation against the defendants has been pending for nearly eight years, three suits have gone to the Connecticut Supreme Court twice.[2] The plaintiffs point to this court's decision in a prior case where the same argument was raised, and Judge Dean held, "[t]here is no indication from the transcripts submitted in support of defendants' motion to dismiss that Judge Rush, who entered the judgment of nonsuit in the 1987 action, found that plaintiffs' failure to comply with certain dates set by the court in any way amounted to `egregious conduct.'" Biro v. Sidley v. Austin,supra.
Much of the delay occasioned in this case was due to the two appeals taken. This court does not have the benefit of transcripts to make its own judgment as to whether the conduct was egregious, but a failure to comply with three deadlines for requests for disclosure is not necessarily egregious and dilatory conduct. There certainly is a hardship to the defendants in having to defend a suit based upon actions that occurred in the CT Page 6331 Middle East 14 years ago, but much of the delays recited by the defendant are within the purview of the law.
Accordingly, the motion to amend filed on July 1, 1996, is granted, and the motion to strike is denied.
TOBIN, J.