[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' JOINT MOTION FOR
CT Page 11907 SUMMARY JUDGMENT (#102)
The plaintiff David A. Bogdahn, administrator of the estate of Paul C. Pelletier, brought an action in six counts, claiming damages for alleged sexual orientation discrimination under General Statutes §§ 46a-60 and 46a-81c against the defendants, Hamilton Standard Space Systems International, Inc. ("Hamilton Standard"), International Association of Machinists Aerospace Workers, AFL-CIO ("IAM"), Bruce McGarry (McGarry) and Mark Bond (Bond). The defendants[1] now move for summary judgment on the first, second, fourth and sixth counts on the ground that the plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. For the reasons that follow, the motion is denied.
 I. FACTUAL AND PROCEDURAL HISTORY
The plaintiff's decedent was employed by Hamilton Standard as a machinist and belonged to the Hartford Aircraft Lodge 743, the local bargaining unit of the IAM, where he served as a steward for the union and member of the auditing committee of the lodge. On June 1, 1994, the decedent filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). In his complaint, the decedent alleged that he was subjected to discrimination and harassment by virtue of his sexual orientation. On June 18, 1994, the decedent committed suicide and the CHRO complaint was amended on October 25, 1994, to allege that the decedent's death resulted from the actions of the defendants.
On July 11, 1995, the plaintiff filed a complaint in the United States District Court for the District of Massachusetts alleging claims similar to those made in the CHRO complaint. That complaint named as defendants Hamilton Standard, McGarry, Bond, Tom Cryer and George Kourpias.[2] Bond and McGarry were employees of Hamilton Standard. Specifically, the complaint alleged that the defendant Cryer made derogatory remarks about homosexuals which the decedent believed were directed at him. The decedent allegedly complained to Hamilton Standard and Bond about the comments. The complaint also alleged that during an audit of the IAM Lodge 743 financial records, the decedent uncovered what he believed to be irregularities in the union's finances involving the defendants Bond and McGarry. The decedent reported CT Page 11908 his findings to Bond, who allegedly took no action to rectify the problem.
The complaint further alleged that the defendants Bond and McGarry commenced an organized campaign to have the decedent replaced as union shop steward and to remove him from the auditing committee. Bond and McGarry allegedly painted derogatory remarks about homosexuals on the rest room walls, distributed leaflets which were insulting to the decedent, and verbally and physically harassed and assaulted the decedent because of his sexual orientation. Despite the numerous reports of wrongful conduct filed by the decedent with Hamilton Standard, and IAM, nothing was done to stop the harassment. The complaint also alleged that as a result of the defendants' conduct, the decedent became depressed, suffered severe emotional distress and committed suicide.
The District Court complaint alleged additional claims for intentional infliction of emotional distress and for violations "of the laws of the State of Connecticut, including but not limited to General Statutes § 46a-81c." The defendants, Hamilton Standard, Cryer, Bond and Kourpias, moved for summary judgment on all claims and the District Court judge referred the motion to a United States magistrate for a report and recommendation. The magistrate issued his report on January 23, 1997, and made the following findings.
The magistrate first addressed the plaintiff's claim that the defendants were liable for violations of General Statutes § 46a-60. The magistrate concluded that the complaint failed to allege a claim pursuant to the statute and that any claims under that section were untimely. The magistrate also concluded that even if the plaintiff was permitted to amend the complaint to include claims under § 46a-60, such claims would be procedurally inadequate for the following reasons: first, the plaintiff failed to include any claims under § 46a-60 in the CHRO complaint; second, the plaintiff failed to obtain a release to sue from the CHRO prior to filing this action; third, any § 46a-60 claims against Cryer were untimely; and fourth, both Cryer and Bond were exempt from § 46a-60(a)(8) liability because that section applies only to employers, employment agencies and labor organizations. Thus, the magistrate recommended that summary judgment be granted as to any claim made under § 46a-60. CT Page 11909
The magistrate next addressed the plaintiff's claims under § 46a-81c, which bans discrimination in the workplace based on one's sexual orientation. The magistrate concluded that the plaintiff's claims under this statute "suffer from the same procedural inadequacies as the claims made under § 46a-60," namely, the plaintiff's is failure to obtain a release from the CHRO prior to commencing the action. The magistrate also concluded that both Cryer and Bond were exempt from § 46a-81c liability because that statute, like § 46a-60, did not apply to them in their individual capacities.[3]
On July 23, 1997, the District Court, Ponsor, J., adopted the magistrate's report and recommendations in part,[4] and granted the defendants' motion for summary judgment in its entirety. The court held that the claims under § 46a-81c displayed "numerous fatal deficiencies. First, and most importantly, the plaintiff failed to satisfy the administrative prerequisites prior to bringing them. Second, the claims are untimely, in whole or part. Third, Cryer and Bond are not proper defendants, even supposing this statute applies, because they were not the plaintiff's decedent's `employer.' Moreover, at this stage, as the report notes, it would simply be unfair to permit plaintiff to prosecute his suit under a separate statutory provision, Conn. Stat. 46a-60. In the underlying administrative proceeding, through three amended complaints, and in answers to interrogatories, this statute was never mentioned. Beyond this, even if plaintiff had not lost this claim through his failure to plead it, an action under 46a-60 would also suffer from the same fatal failure to satisfy administrative prerequisites as the claims under 46a-81c." (Emphasis added).Bogdahn v. Hamilton Standard, District Court, Docket No. 95-30144 (D. Mass. 1997, Ponsor, D.J.).
On October 6, 1997, final judgment was entered by the District Court on the defendants' motion for summary judgment. Prior to the District Court's decision, on March 27, 1997, the plaintiff filed the present action in the Connecticut Superior Court. This action was brought in six counts against the defendants Hamilton Standard, Bond, and McGarry and added IAM, and alleges claims virtually identical to those alleged in the District Court action. Specifically, count one is brought against Hamilton Standard and alleges claims for discrimination pursuant to General Statutes §§ 46a-81c(1) and 46a-60(5); count two alleges claims against the IAM pursuant to §§ 46a-81c(3),46a-60(3) and 46a-60(8); counts four and six allege claims against Bond pursuant to §§ 46a-60(a)(8), 46a-81c(1) and CT Page 1191046a-60(5); and counts three and five allege claims against McGarry and are not subject to the present motion for summary judgment.
The defendants now move for summary judgment on the ground that the plaintiff's claims are barred under the doctrines of res judicata and collateral estoppel. The defendants filed a memorandum of law in support of their motion for summary judgment and the plaintiff filed a memorandum in opposition. The parties filed supplemental memoranda in support of their respective positions.
 II. STANDARD FOR SUMMARY JUDGMENT
"Practice Book § [17-49 (formerly § 384)] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945
(1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
 III. DISCUSSION
A. Res Judicata, Collateral Estoppel, and Jurisdiction
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993). See also Joe's Pizza, Inc. v. AetnaLife Casualty Co., 236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996) (holding that "summary judgment is an appropriate vehicle for raising a claim of res judicata . . .")
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the CT Page 11911 party had an adequate opportunity to litigate the matter in the earlierproceeding . . ." (Citations omitted; emphasis in original; internal quotations marks omitted.) Connecticut National Bank v. Rytman,241 Conn. 24, 43, 694 A.2d 1246 (1997).
"A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 589, 674 A.2d 1290 (1996). The doctrine of res judicata is "based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." Id., 591.
In applying this test to the case at hand, it is first necessary to determine whether there was a former judgment on the merits between the same parties. "A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form . . . A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends." Rosenfield v. Cymbala,43 Conn. App. 83, 91-92, 681 A.2d 999 (1996).
The defendants argue in support of their motion for summary judgment that the plaintiff's claims in counts one, two, four and six are precluded on res judicata grounds. They argue that the District Court decision granting summary judgment as to the plaintiff's § 46a-60 and § 46a-81c claims constitutes a final judgment on the merits for the purposes of res judicata. Because the present action involves virtually the same parties and claims as those in the District Court action, the defendants argue that res judicata precludes the plaintiff from relitigating these claims.
The plaintiff counters that the doctrine of res judicata does not apply to the present case. The plaintiff argues that the absence of the release from the CHRO was the cornerstone of the District Court's ruling. Therefore, according to the plaintiff, the prior decision did not constitute a judgment on the merits because the case was disposed of on procedural and CT Page 11912 technical grounds. The plaintiff also maintains that because he failed to obtain the release from the CHRO in the prior action, the District Court lacked subject matter jurisdiction; therefore, the court could not enter a judgment on the merits in a case where it lacked subject matter jurisdiction.
The defendants counter that the District Court's ruling was on the merits and that it dismissed the plaintiff's case for a number of reasons, one of which was the failure to obtain the release. Furthermore, the defendants argue that the prior dismissal did not deal with subject matter jurisdiction because it involved a motion for summary judgment and the issue of whether the plaintiff demonstrated a genuine issue of material fact for trial.
The defendants contend that failure to receive a release to sue letter is a condition precedent to bringing suit and not a jurisdictional requirement. In support of this proposition, the defendants cite Rivers v. Barberton Board of Education, United States Court of Appeals, Docket No. 4404 (6th Cir. May 11, 1998) (1998 U.S. App. LEXIS 9430). In Rivers, the plaintiff failed to receive a release to sue letter from the Equal Employment Opportunity Commission ("EEOC") before she brought her Title VII claim in federal court. Id., *2. Despite this inadequacy, the District Court granted the defendant's motion for summary judgment based on a failure to plead age discrimination, not for want of a right to sue letter from the EEOC. Id., *3. After the plaintiff received a right to sue letter from the EEOC, she brought an identical action in federal court against the defendant. Id., *3-*4. The United States Court of Appeals for the Sixth Circuit held that the EEOC release to sue was not a jurisdictional requirement. Id., *8. It stated that so long as some relevant portion of the previous case was dismissed on the merits, the subsequent action was barred by res judicata. Id., *9. (Emphasis added).
While the defendants may have some support for their arguments in federal actions involving a release to sue from the EEOC, this case is readily distinguishable from Rivers for a number of reasons. First, the plaintiff here received his release to sue from the CHRO, a state agency, not the EEOC, a federal agency. Next, the court in Rivers based its conclusion in part on the specific language of Title VII which granted jurisdiction to the district court. Rivers v. Barberton Board of Education,supra, *8. In addition, the plaintiff in the Rivers
case brought two successive actions in federal court. The plaintiff CT Page 11913 in this action is now before a Connecticut court with a statutory claim under Connecticut law. Moreover, as stated, the District Court's entry of summary judgment was based on the plaintiff's failure to plead age discrimination.
In a number of decisions regarding releases to sue and other administrative prerequisites, Connecticut courts have consistently addressed the necessity of exhaustion of all adequate administrative remedies in terms of jurisdiction. SeeBrewer v. Wilcox Trucking, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 324861 (September 26, 1997, Stengel, J.) (holding a release to sue letter issued by the CHRO is a condition precedent to the court acquiring jurisdiction); Cross v. LaRosa, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 477442 (January 13, 1998, Graham, J.) (holding that failure to receive release to sue before commencing suit leaves the court without jurisdiction); see also Hunt v. Prior,236 Conn. 421, 431, 673 A.2d 514 (1996) (holding "[failure to exhaust grievance and arbitration procedures deprives the court of subject matter jurisdiction"); Simko v. Ervin,234 Conn. 498, 502, 661 A.2d 1018 (1995) (stating "if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.");Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556, 529 A.2d 666 (1987) (stating that the "exhaustion doctrine" implicates subject matter jurisdiction); St. Germaine v.Ensign-Bickford Co., Superior Court, judicial district of Hartford-New Britain, Docket No. 539310 (July 11, 1997, Hale, J.) (20 CONN. L. RPTR. 232) (stating that exhaustion of adequate administrative remedies is necessary, within a case involving a failure to obtain a CHRO release to sue). See alsoDrumm v. Brown, 245 Conn. 657, 676, ___ A.2d ___ (1998) (Stating that "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, until and unless that remedy has been sought in the administrative forum.") As the plaintiff did not have a release to sue for his action in the District Court, I conclude that court's dismissal of the plaintiff's action was the functional equivalent of a dismissal for lack of subject matter jurisdiction under Connecticut law. Therefore, the doctrines of res judicata and collateral estoppel are not available to the defendants. CT Page 11914
The defendants also argue that the plaintiff's suit in the United States District Court failed for numerous reasons including the plaintiff's failure to satisfy administrative prerequisites. The Connecticut Supreme Court has held that "[o]nce it becomes clear that the trial court lacked subject matter jurisdiction to hear the plaintiffs' complaint any further discussion of the merits is pure dicta." (Internal quotation marks omitted.)Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 246, 558 A.2d 986 (1989), cert. denied. 112 S.Ct. 1170 (1992); Zoning Commission v. FairfieldResources Management, Inc., 41 Conn. App. 89, 105,674 A.2d 1335 (1996). "If subject matter jurisdiction is lacking, a trial court's rulings on the merits are merely advisory."Lindo v. Lindo, 48 Conn. App. 645, 651,710 A.2d 1387 (1998); see Statewide Grievance Committee v. Rozbicki,supra, 211 Conn. 246.
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . ." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
In the plaintiff's action in the District Court, the plaintiff failed to obtain the required release to sue from the CHRO. In considering the plaintiff's claim under General Statute § 46a-60, United States District Judge Ponsor stated "even if plaintiff had not lost this claim through his failure to plead it, an action under 46a-60 would also suffer from the same fatal failure to satisfy administrative prerequisites as the claims under 46a-81c." Regardless of the District Court's frustration with the plaintiff, the court acknowledged the plaintiff's lack of a release to sue. Without jurisdiction, the District Court's ruling on substantive issues constitutes dicta which is not binding on this court. Moreover, under Connecticut law, once a court determines it lacks jurisdiction, it lacks the authority to adjudicate other questions. SeeFederal Deposit Ins. Corp. v. Peabody, N.E., Inc., supra, 239 Conn. 101.
Finally, the defendants contend that regardless of whether the first lawsuit was dismissed on "procedural grounds," the District Court's ruling was a final judgment that barred the CT Page 11915 plaintiff from relitigating his claims. The defendants argue that there have been instances in which Connecticut courts have held that judgment may be entered without a determination on the merits. See Walworth v. Hartford Hospital, 23 Conn. App. 404,409, 580 A.2d 545. In Walworth v. Hartford Hospital, the plaintiff's action failed because of his neglect in appointing an administrator for over one year. Id. In this action, the plaintiff failed to obtain a release to sue from the CHRO before commencing suit. In addition, the plaintiff's abortive attempt to bring his action in federal court could have been dismissed without prejudice. Instead, the plaintiff chose to pursue that action for two years with three amended complaints. Judge Ponsor and the magistrate characterized the plaintiff's complaint as "a moving target . . . cloaked in confusing characterizations." While these facts demonstrate persistent, but misguided attempts to save a defective cause of action, I conclude that the plaintiff's failure to obtain a release to sue does not constitute the neglect demonstrated by the plaintiff in Walworth. In any event, the District Court could not make a binding ruling without jurisdiction, and defendants' res judicata/collateral estoppel claims fail.
B. Claims Under § 46a-81c
The defendants argue that even if the claims are not barred by res judicata, the plaintiff does not have a cause of action under General Statutes § 46a-81c. The defendants contend that since the plaintiff did not have a valid cause of action under General Statutes § 46a-81c when both the federal and state court actions were filed, the plaintiff should not benefit from the recent adoption of Public Act 98-245.
By Public Act 98-245, the legislature modified General Statutes § 46a-100 to create a cause of action for sexual orientation discrimination that may be heard by the Superior Court.[5] The defendants argue that the legislature did not intend to permit a cause of action that was improperly before the court to continue. The defendants also argue that the plaintiff did not comply with Public Act 98-245 since he received a release to sue under General Statutes § 46a-82b, not under General Statutes §§ 46a-83a or 46-101 which are specifically referenced in the statutory language.
The plaintiff argues that he presently has a valid cause of action before the court based on General Statutes § 46a-81c
because the legislature passed Public Act 98-245. He notes that CT Page 11916 section fourteen of Public Act 98-245 states that the new statute is applicable to "all cases pending with the commissioner or in the courts . . ."
Summary judgment is not the proper vehicle to challenge the legal sufficiency of the plaintiff's claim under General Statutes § 46a-81c at this stage of the proceedings. Ordinarily, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 772,630 A.2d 624 (1993), cert. denied, 228 Conn. 908, 634 A.2d 297 (1993);
Marinaccio v. Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565991 (Hennessey, J., May 14, 1998). Summary judgment, however, may be properly sought to contest the legal sufficiency of a claim where the pleadings are closed.Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971); Culbro Land Resources, Inc. v. Casle Corp. , Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 532911 (Teller, J., Dec. 29, 1997). The defendants filed their motion for summary judgment on December 19, 1997. Defendants Bond and Hamilton Standard have not yet filed answers.[6]
The pleadings are not closed; therefore, Bond and Hamilton Standard may yet file a request to revise or a motion to strike to test the legal sufficiency of the plaintiff's claim under § 46a-81c. See Practice Book § 10-7 (formerly Practice Book § 113).
Moreover, each count contains claims under both § 46a-81c
and § 46a-60. The defendants are not questioning the legal sufficiency of the claims under § 46a-60. A motion for summary judgment is not the appropriate method to raise the legal insufficiency of a portion of a count. Accordingly the motion for summary judgment fails on this ground.
 CONCLUSION
The plaintiff did not have an adequate opportunity to litigate the case on the merits, since the District Court essentially determined that it lacked subject matter jurisdiction, and therefore, its judgment does not bar the plaintiff's action by reason of res judicata or collateral estoppel. Furthermore, the motion for summary judgment fails since the motion seeks to test the legal sufficiency of a portion of the complaint and at a time when the pleadings are CT Page 11917 not closed. Accordingly, the motion for summary judgment is denied.
Teller, J.