[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Mazda Motors of America, Inc., ("Mazda"), moves for summary judgment on the grounds that the present action brought by the plaintiff, Morande Bros., Inc., ("Morande"), is barred by the statute of limitations, barred by collateral estoppel, and fails as a matter of law. For the following reasons, the defendant's motion for summary judgment is denied.
 I. FACTS
The parties do not dispute the procedural facts leading up to the defendant's motion for summary judgment presently before this court. As the procedural history of this case is complicated and extensive, a complete procedural timeline is included as Appendix A to this memorandum of decision. However, a brief summary is set forth as follows.
In March, 1990, Morande and Mazda entered into a franchise agreement whereby Morande was authorized to operate a Mazda dealership in the Hartford area. In June, 1991, Mazda began negotiating with Gorin Sports Cars, Inc., ("Gorin"), to establish Gorin as an additional Mazda dealer in the Hartford area. On November 14, 1991, despite the objections of Morande and Crest Pontiac Cadillac, Inc., ("Crest"), another licensed Mazda dealer in the Hartford area, the Department of Motor Vehicles ("DMV") issued a license to operate a Mazda dealership to Gorin. DMV did not hold a hearing pursuant to General Statutes § 42-133dd, CT Page 12630 as requested by Morande and Crest, after being informed by Mazda that the Gorin dealership was a "relocation" of an existing dealership rather than a "new dealer."
Morande and Crest appealed DMV's decision to issue Gorin a license. The superior court remanded the action to DMV with orders to hold a hearing to determine whether Gorin was a "relocation" or a "new dealer," and, if DMV determined that Gorin was a "new dealer," to hold a hearing to determine whether good cause existed to deny Gorin a license.
On August 26, 1992, before the hearings ordered by the superior court were held, Morande and Crest filed an action against Mazda. Count one alleged a violation of § 42-133dd, and count two alleged a breach of the franchise agreement contract. Upon motion by Mazda, however, the action was stayed pending the outcome and all appropriate judicial review of the administrative proceedings.
The administrative hearings were held, and DMV's final decision, issued on July 27, 1994, was that no good cause existed to deny Gorin a license. Morande and Crest appealed this decision, but the appeal was dismissed for being untimely. The dismissal was affirmed by the Supreme Court on December 10, 1996.
On April 30, 1997, Morande's action filed on August 26, 1992, appeared on the dormancy calendar. Morande's request for an exemption from dormancy was denied, and the action was dismissed pursuant to Practice Book § 251 [currently § 14-3] for failure to prosecute with reasonable diligence. The judgment of dismissal was entered on June 20, 1997.
On December 10, 1997, Morande filed a second action against Mazda containing a breach of contract claim virtually identical to that contained in the previous action. Mazda's motion for summary judgment as to this second action is presently before this court.
 II. STATUTE OF LIMITATIONS
The defendant first moves for summary judgment on the ground that the plaintiffs action filed on December 10, 1997 is barred by the statute of limitations. The plaintiff opposes the defendant's motion for summary judgment, disputing that the action is time barred on the ground that since the original 1992 CT Page 12631 action was brought within applicable time limits, the accidental failure of suit statute, General Statutes § 52-592, allows it to bring a second action for the same cause.[1] (Plaintiff's Memorandum, p. 12-13.) The defendant argues in reply that §52-592 does not apply because "Morande has engaged in a continued pattern of neglect with respect to its claim against Mazda" and, in the contest of § 251 dismissals, § 52-592 is reserved for those actions which fail because of accident or simple negligence, not where the plaintiffs conduct is egregious. (Defendant's Reply Memorandum, p. 6.)
The accidental failure of suit statute, General Statutes § 52-592, provides in relevant part: "If any action,commenced within the time limited by law, has failed one or moretimes to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator,may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one yearafter the determination of the original action or after the reversal of the judgment." (Emphasis added.)
It is undisputed by the parties that the original action in 1992 was brought within the applicable six year statute of limitations for breach of contract since, assuming such a breach of the franchise agreement occurred, it occurred around November, 1991, when Mazda established Gorin as a Mazda dealer in Hartford. (See 1992 Complaint, Count Two, § 1997 Complaint, § 6; Defendant's Memorandum, p. 15.) The parties also agree that the plaintiff's second action, filed on December 10. 1997, contains the same cause of action for breach of contract as the 1992 action. (See Defendant's Memorandum, p. 16; Plaintiff's Memorandum, p. 13-14.) Thus if § 52-592 applies, the plaintiff has complied with the one year time limitation imposed by the statute within which to bring a second action since the original action was dismissed on June 20, 1997, and the second action brought on December 10, 1997. The plaintiff has also complied with the requirement that the second action be "for the same CT Page 12632 cause."
The issue, then, is whether the plaintiff can avail itself of the relief afforded by § 52-592 when its original action was dismissed for lack of diligence pursuant to Practice Book § 251 [currently § 14-3]. Section 251 provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs."
As a preliminary matter, it is well established that a dismissal pursuant to § 251 constitutes a failure for a "matter of form" within the meaning of § 52-592. Lacasse v.Burns, 214 Conn. 464, 472, 572 A.2d 357 (1990); Skibeck v. Avon,24 Conn. App. 239, 242, 587 A.2d 166, cert. denied,219 Conn. 912, 593 A.2d 138 (1991). Thus, "in appropriate cases a dismissal entered pursuant to [Practice Book] § 251 would not bar a subsequent action brought under the authority of § 52-592." (Internal quotation marks omitted.) Ruddock v. Burrowes,243 Conn. 569, 576, 706 A.2d 967 (1998). However, "a plaintiffs ability to rely on § 52-592 is limited to those cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence." Skibeck v. Avon, supra,24 Conn. App. 242-43.
The Supreme Court has rejected claims under § 52-592 when it has concluded that the failure of the case to be tried on its merits had not resulted from mistake. accident, or even simple negligence, but from the consent or voluntary, deliberate, or egregious conduct of the plaintiff. Ruddock v. Burrowes, supra,243 Conn. 577; Lacasse v. Burns, supra, 214 Conn. 473. Section52-592(a) "affords no relief in cases in which a plaintiffs prior action was dismissed because the plaintiff withdrew it voluntarily; see Parrot v. Meacham, 161 Conn. 573, 575,290 A.2d 335 (1971); Baker v. Baningoso, [134 Conn. 382, 387, 58 A.2d 5
(1948)]; or consented to its dismissal. Such consent may be inferred from a plaintiffs failure to file a memorandum in opposition to a defendant's motion to strike; Hughes v. Bemer,206 Conn. 491, 495, 538 A.2d 703 (1988); or from a plaintiffs inordinate delay in appointing an administrator or [executor; ]Walworth v. Hartford Hospital, 23 Conn. App. 404, 408-409,580 A.2d 545 (1990)." Ruddock v. Burrowes, supra, 243 Conn. 577-78; CT Page 12633 see also Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 144,470 A.2d 246 (1984) (where court intimated that § 52-592 not available to save action dismissed pursuant to § 23 [currently § 13-14] for deliberate refusal to answer questions at a deposition); Rosario v. Hasek, 50 Conn. App. 632,639, ___ A.2d ___ (1998) (§ 52-592 not available where plaintiffs delay of over two years in returning the original complaint was "such egregious and blatant conduct"). In such cases, "[t]o allow [the] action to continue . . . would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process. . . . Although § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citations omitted; internal quotation marks omitted.) Skibeck v. Avon, supra, 24 Conn. App. 243.
"Whether the statute applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiffs [lack of diligence] occurred in circumstances such as mistake, inadvertence or excusable neglect." Ruddock v. Burrowes, supra, 243 Conn. 576-77. In Ruddock v. Burrowes, supra,243 Conn. 569, the plaintiffs attempted to bring a second suit pursuant to § 52-592 after the first action was dismissed pursuant to § 251 for failure of the plaintiffs to attend a scheduled pretrial conference. Id. 570-71. The trial court granted the defendants' motion for summary judgment on the ground that §52-592 was inapplicable when the original action has been so dismissed and, thus, the second action was time barred. Id. 572. The Supreme Court reversed and remanded the case to the trial court for factual findings regarding the issue of whether the plaintiffs' failure to attend the conference resulted from mistake, inadvertence, or excusable neglect as opposed to deliberate or egregious conduct. Id. 578.
The Supreme Court has provided some guidance as to what may or may not constitute egregious conduct: "A trial court, for example, might find an attorney's misconduct to be egregious if the attorney represented that his nonappearance was caused by difficulties with his car without disclosing that he had ready access to alternative transportation. A trial court might make a similar finding if, in one case, the attorney repeatedly, and CT Page 12634 without credible excuse, delayed scheduled court proceedings. Nonappearances that interfere with proper judicial management of cases, and cause serious inconvenience to the court and to opposing parties, are categorically different from a mere failure to respond to a notice of dormancy pursuant to Practice Book § 251; see Lacasse v. Burns, supra, 214 Conn. 474; or a single failure to appear, in a timely fashion, after a luncheon recess. See Gionfrido v. Wharf Realty, Inc., [193 Conn. 28, 34
n. 6, 474 A.2d 787 (1984)]." Ruddock v. Burrowes, supra,243 Conn. 576 n. 12.
In the present case, the defendant claims that the plaintiff "has engaged in a continued pattern of neglect with respect to its claim." As evidence of the plaintiffs "continued pattern of neglect", the defendant cites the fact that the factual predicate of the action occurred in 1991, that the plaintiff appealed the July 27, 1994, decision of the DMV on an untimely basis, and that the 1992 action was dismissed for failure to prosecute after appearing on the dormancy calendar. (See Defendant's Reply Memorandum, p. 6-7.) The defendant urges that this conduct represents the egregiousness sufficient to bar access to §52-592.
The delay in prosecuting the August 26, 1992. action from the time it was filed until the Supreme Court's decision on December 10, 1996, however, resulted not from neglect on the part of the plaintiff but rather from the defendant's motion to stay. The defendant's motion to stay the 1992 action was granted on December 7, 1992. pending DMV's determinations and all appropriate judicial review. Judicial review was not exhausted, and hence DMV's determinations were not conclusively resolved, until December 10, 1996, when the Supreme Court, in Crest PontiacCadillac, Inc. v. Hadley, 239 Conn. 437, 685 A.2d 670 (1996), affirmed the lower court's dismissal of the plaintiffs appeal from DMV's determinations. The defendant itself acknowledges that December 10, 1996, therefore, is the earliest point at which the plaintiff could have acted to vacate the stay of the 1992 action. (See Defendant's Memorandum, Exhibit O, p. 3.) Thus, this four year period of time during which the action was stayed cannot be attributed to any neglect on the part of the plaintiff. Similarly, the fact that the plaintiff filed an untimely appeal during the course of administrative proceedings cannot be translated into neglect of the plaintiff is action which had been stayed during this time. CT Page 12635
In addition, the fact that the case was dismissed pursuant to § 251 for failure to prosecute, alone, is not sufficient to overcome the remedial provisions of the accidental failure of suit statute. Lacasse v. Burns, supra, 214 Conn. 474; Skibeck v.Avon, supra, 24 Conn. App. 242. Rather, recourse to § 52-592
is allowed where the facts show that the plaintiffs failure to prosecute occurred in circumstances such as mistake, inadvertence, or excusable neglect; Skibeck v. Avon, supra,24 Conn. App. 242-43; and barred only where the facts show intentional, deliberate. or egregious conduct; Ruddock v.Burrowes, supra, 243 Conn. 577-78.
The focus, then, is on the plaintiff's conduct from the time the administrative proceedings and all appropriate review concluded on December 10, 1996, to the time the plaintiff first indicated an intent to pursue the 1992 action by requesting an exemption from dormancy on April 20, 1997, a period of approximately four months. The defendant does not point to any evidence that the plaintiff is failure to act during this four month period was intentional, deliberate, delayed scheduled proceedings, or even caused the court or opposing parties inconvenience serious enough to amount to the level of egregiousness as would bar access to § 52-592. The plaintiff, likewise, does not explain or excuse his failure to prosecute.[2] Here, the only evidence before the court of the plaintiffs conduct is that the plaintiff requested an exemption from dormancy on the very same day the 1992 action appeared on the dormancy calendar thereby indicating an intent to pursue the action. It is significant that the Supreme Court has intimated that even if the plaintiff had failed to respond to the notice of dormancy, this still would not amount to egregious conduct sufficient to deny access to § 52-592. Ruddock v. Burrowes, supra, 243 Conn. 576 n. 12.
This court is therefore presented with a situation similar to the one that was before the court in Lacasse v. Burns, supra,214 Conn. 473-74, where the court held it would be improper to preclude the plaintiffs from taking advantage of § 52-592
where the record revealed nothing about the reasons for the plaintiffs' failure to prosecute, other than that the dismissal was entered pursuant to § 251 for lack of diligence. Therefore, in the context of the defendant's motion for summary judgment, this court finds that the defendant has not met its burden of proving that there exists no genuine issue as to any material fact such that it is entitled to judgment as a matter of CT Page 12636 law. Genuine issues of material fact exist as to the circumstances surrounding and the cause of the plaintiff s four month delay in moving to vacate the stay or otherwise indicate an intent to pursue the August 26, 1992, action. Therefore, it cannot be said that the plaintiffs delay amounts to such egregious conduct as to prohibit recourse to the accidental failure of suit statute. For this reason, the defendant's motion for summary judgment on the ground that the action is time barred is denied.
 III. COLLATERAL ESTOPPEL
The defendant next moves for summary judgment on the ground that the plaintiffs present action is barred by collateral estoppel. "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action." (Internal quotation marks omitted.) Connecticut National Bank v. Rytman,241 Conn. 24, 38, 694 A.2d 1246 (1997). Moreover. "issue preclusion . . . requires an identity of issues between the prior and subsequent proceedings and operates only against the same parties or those in privity with them." Mazziotti v. Allstate Ins.Co., 240 Conn. 799, 813, 695 A.2d 1010 (1997). "The principle that an administrative adjudication may give rise to . . . collateral estoppel is well settled. New England RehabilitationHospital of Hartford, Inc. v. Commission on Hospitals HealthCare, 226 Conn. 105, 627 A.2d 1257 (1993); Convalescent Center ofBloomfield, Inc. v. Department of Income Maintenance,208 Conn. 187, 198, 544 A.2d 604 (1988)." Crochiere v. Board of Education,227 Conn. 333, 342 n. 10, 630 A.2d 1027 (1993).
The parties agree that the issues in the present action are whether Mazda breached the existing Dealer Agreement between Mazda and Morande by establishing Gorin as a Mazda dealer and, if so, whether Morande suffered any actual damages. (See Defendant's Memorandum, pp. 16-17; Plaintiffs Memorandum, pp. 14-17.) The defendant argues that both of these issues have already been conclusively determined in its favor by the DMV's July 24, 1994, decision that no good cause existed to deny Gorin a license. (Defendant's Memorandum, pp. 16-18.)
This court disagrees that the plaintiff's cause of action is barred by collateral estoppel. DMV stated in its February 3, CT Page 12637 1993, decision that Crest and Morande were entitled to a hearing "to determine whether good cause had been established by Crest and Morande for not allowing Mazda to enter into a franchise agreement pursuant to C.G.S. Statute Section 42-133dd(c)." (Defendant's Memorandum. Exhibit J, p. 2.) Whether the defendant breached the Dealer Agreement between itself and the plaintiff thereby causing the plaintiff damage is a different question from whether the establishment of Gorin as a Mazda dealer was proper under the numerous factors listed in § 42-133dd(c). The DMV was obviously concerned with the statute. not with the contract, and thus never reached the issues of breach of contract and damages. Because the issues sought to be litigated in the present action are not identical to those considered in the prior administrative proceedings, the defendant's motion for summary judgment on the ground the action is barred by collateral estoppel is denied.
 IV. BREACH OF CONTRACT AND DAMAGES
Finally, the defendant moves for summary judgment on the ground that the plaintiffs action fails as a matter of law because the plaintiff cannot establish (1) that the defendant breached the Dealer Agreement, or (2) that the plaintiff suffered any actual damages from such a breach. (Defendant's Memorandum, pp. 18-21.) The defendant attaches a copy of the Dealer Agreement as Exhibit A and claims that the plaintiff "does not, and cannot, point to a single provision in the Dealer Agreement which Mazda breached." (Defendant's Memorandum, p. 19.)
The plaintiff, however, submits the affidavit of William R. Morande, the president of Morande Bros, Inc., quoting a specific provision of the Dealer Agreement claimed to have been breached: "[I]f Mazda determines it would be in the best interests of customers [or] Mazda to do so, Mazda may elect to appoint another dealer to promote, sell and service Mazda Products near [Dealer's] Approved Location. Dealer and Mazda shall give each other at least sixty [days'] written notice prior to taking [the foregoing action,] for the purpose of enabling the parties to discuss whether there [exist] any mutually agreeable alternatives to the proposed action." (Plaintiffs Memorandum, Exhibit 6, ¶ 9.) The affiant further attests that "Mazda never gave the notice provided for in the section of the Dealer Agreement herein referred to" and that, despite the affiant's requests, Mazda "never negotiated in good faith with Morande concerning alternatives to the proposed action." (Plaintiff's Memorandum, CT Page 12638 Exhibit 6, ¶ 10.)
The defendant neither disputes that it failed to give at least sixty days' written notice and discuss alternatives nor offers any evidence that the defendant complied with this contractual provision. For this reason, this court cannot decide as a matter of law that the defendant did not breach the Dealer Agreement.
The defendant further argues that, even if the defendant did breach the Dealer Agreement, the plaintiff cannot establish that the defendant caused the plaintiffs damages because "any damages Morande allegedly incurred as a result of the DMV's licensing of Gorin or failure to hold a hearing could only have been the result of the DMV's conduct, not Mazda's." (Defendant's Memorandum, pp. 20-21.) The plaintiff disputes this, arguing that "Mazda certainly attempted very diligently to convince the [DMV] of its position which was that Gorin was a relocating existing dealer. Certainly, the facts were supplied by Mazda and those facts had to be used by the [DMV] to reach a decision. So that even though Mazda could not have forced or compelled the [DMV] to reach a particular conclusion, it did supply all of the facts upon which that conclusion was based. It should be the fact finder's job to determine whether or not Mazda, by its actions and representations, caused damage to Morande." (Plaintiff's Memorandum, p. 23.)
This court agrees with the plaintiff. Indeed, the evidence submitted, particularly the two decisions rendered by the DMV, supports the reasonable inference that the DMV relied at least to some degree upon the representations made by the defendant in making its determinations. Therefore, because genuine issues of material fact exist as to causation and the amount, if any, of the plaintiffs damages. the defendant's motion for summary judgment on the ground that the plaintiffs claim fails as a matter of law is denied.
 V. CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment on the ground that the plaintiffs action is barred by the statute of limitations is denied because the defendant has not met its burden of proving that no genuine issues of material fact exist as to the application of the accidental failure of suit statute. Further, the defendant's motion for summary CT Page 12639 judgment on the ground that the plaintiffs action is barred by collateral estoppel is denied because the issues sought to be litigated in the present action are not identical to the issues conclusively determined by the DMV in the prior administrative proceedings. Finally, the defendant's motion for summary judgment on the ground that the plaintiffs claim fails as a matter of law is denied because the court cannot decide as a matter of law that the defendant did not breach the Dealer Agreement and genuine issues of material fact exist as to causation and damages.
Peck, J.